CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No.  004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
Email: attcbf@cox.net
and
BRIAN L. BROMBERG, ESQ.[1]
NY Bar No. 2441947
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: 212-248-7906; Fax: 212-248-7908
Email: brian@bromberglawoffice.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY MORRIS, on behalf of himself and all similarly situated persons, | CASE NO.:  2:13-cv-270 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | |
| CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION, a Delaware Corporation, DOES I-V inclusive and ROE Corporations VI-X, inclusive, | **EIGHT PERSON JURY DEMANDED** |
| Defendants. | |

Plaintiff, RODNEY MORRIS (hereinafter referred to as "Plaintiff" or "Morris"), by and through his undersigned counsel, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this complaint against the above-named Defendants and in support thereof, alleges the following:

## PRELIMINARY STATEMENT

1.      This is a claim for actual, statutory and exemplary damages brought by the

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

---

[1] New York counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendants appear.

named Plaintiff, on his own behalf and on behalf of all others similarly situated, challenging the acts of CACH, LLC (hereinafter "CACH") to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq*., and Nevada Revised Statutes (hereinafter "NRS"), Chapters 649 *et seq*. and 598 *et seq*., as amended, all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

2.     Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

4.     Venue in this district is proper because Plaintiff(s) reside in Nevada. Venue is also proper in this district since the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### PARTIES

5.     Morris is a natural person who resides in Nevada.

6.     Morris is a "consumer" as defined in the Act at 15 U.S.C.§1692a(3).

7.     Morris allegedly owes a (past-due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) and NRS 649.010.

8.     On information and belief, Plaintiff alleges that CACH is a Colorado limited liability company, or LLC, doing business in the state of Nevada and, in particular, Clark County, the principal purpose of whose business is the collection of debts.

9.     Plaintiff is informed and believes and thereon alleges that Defendant SQUARETWO Financial Commercial Funding Corporation (hereinafter "SquareTwo"), is a Delaware Corporation doing business in the state of Nevada.

- 2 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

10.    Plaintiff is informed and believes and thereon alleges that SquareTwo and CACH are subsidiaries, parent companies, or related entities involved in the fraudulent transfer of CACH's assets in order to avoid liability in this action as detailed below. Plaintiff is informed and believes that SquareTwo and CACH possess such a unity of interest that it would be unjust to prevent Plaintiff's recovery against SquareTwo for CACH's unlawful actions detailed herein.

11.    Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12.    Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X,  inclusive, sued herein, and therefore sues Defendants by such fictitious names.

13.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

14.    Plaintiff prays leave to insert said Defendants' true names and legal capacities when ascertained.

15.    At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

- 3 -

Law Offices of
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

16.     Benjamin is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants sued herein was the parent, owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such parent, owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

17.     All conduct of SquareTwo and CACH, and/or Doe, and/or Roe Corporation Defendants as alleged herein, was on each other's behalf, within the course and scope of agency each for the other; each was an alter ego for the other and/or was in a partnership or joint venture with the other, and all conduct of each was within the course and scope of that agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction should be disregarded.

### STATEMENT OF FACTS

18.     Morris repeats, realleges and incorporates by reference paragraphs one through eighteen, inclusive, above.

19.     Mr. Morris is alleged to have incurred certain financial obligations, which were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and NRS 649.010.

20.     In connection with collection of an alleged account in default, Defendants directed their agent, a debt collection law firm, to mail a collection letter to Mr. Morris, dated February 19 , 2012 (the "letter").  A copy of said letter is annexed hereto as Exhibit "1".

21.     Plaintiff is informed and believes, and on that basis alleges, that Exhibit "1" is the initial written communication from Defendants' agent.

- 4 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

22.    On information and belief, Mr. Morris received the letter on or after February 20, 2012.  Upon receipt of the letter, Plaintiff opened and read it.

23.    The letter demanded payment of a consumer debt allegedly owed by Plaintiff in the amount of $13,609.93. The letter only provided the single figure for the amount allegedly owed; it did not itemize what items made up the single figure of the amount allegedly owed.

24.    Benjamin is informed and believes, and on that basis alleges, that the amount set forth in the letter is more than the principal amount allegedly owed to the original creditor, and includes unspecified sums added by CACH for interest charges which it has added to the principal balance after it acquired the alleged past due account. ("post-assignment charges").

25.    Morris bases his allegations regarding Defendants' post-assignment charges on the following:

a.     On May 4, 2012, CACH filed a Complaint in the Eighth Judicial District Court for the County of Clark against Mr. Morris based upon the same alleged debt for which CACH was dunning Mr. Morris in Exhibit "1".  The Complaint, case no. A-12-661403-C, (hereinafter referred to as "CACH's complaint") is annexed hereto as Exhibit "2".

b.     CACH states in its complaint at paragraph 10 that "[t]he total account balance purchased by Plaintiff was $10,822.02.

c.     CACH states in its complaint at paragraph 12 that "[i]nterest in the amount of $3,196.90 has accrued since the Plaintiff purchased the obligation."

d.     CACH asks in it prayer for relief in CACH's complaint "for judgment in the current amount due of $10,822.02 ..." and "for judgment on the interest that has accrued since the Plaintiff purchased the obligation in the amount of $3,196.90 ..." *See* Exhibit "2", 4:15-19.

26.    NRS 649.375(2) prohibits a debt collector from collecting or attempting to collect any amount other than the principal amount owed to the original creditor (or

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

- 5 -

1   which the original creditor was authorized to add to the principal amount by law or

2   contract between it and the consumer), *unless, in the debt collector's first written*

3   *communication with the alleged debtor, it itemizes the incidental charges that have*

4   *been added to the principal amount allegedly owed to the original creditor.*

5         27.    Plaintiff is informed and believes, and on that basis alleges, that for the

6   purpose of avoiding liability for CACH's unlawful conduct CACH fraudulently

7   transferred assets to its parent corporation, SquareTwo.

8   **FIRST CAUSE OF ACTION**

9   **(Violation of State Deceptive Trade Practices Act by CACH Against**

10   **Defendants CACH and SquareTwo)**

11         28.    Plaintiff repeats, realleges and incorporates by reference, paragraphs one

12   through twenty-seven, inclusive, above.

13         29.    This Count is brought by Plaintiff, individually and on behalf of a class,

14   consisting of consumers with Nevada addresses who (Class One):

15         (a) within four years prior to the filing of this action;

16         (b) were sent a collection letter by CACH or any of its agents;

17         (c) in a form materially identical or substantially similar to the letter sent

18         to the Plaintiff, wherein the amount claimed to be owed was not itemized;

19         and

20         (d) the letter was not returned by the postal service as undelivered;

21         30.    Under both Federal Rule of Civil Procedure (FRCP) 23 and Nevada Rules

22   of Civil Procedure (NRCP) 23, a class action is appropriate and preferable in this case

23   because:

24         (a)    Based on the fact that the collection letter at the heart of this

25         litigation is a mass-mailed form letter, the class is so numerous that

26         joinder of all members is impractical.

27         (b)    There are questions of law and fact common to the class that

28         predominate over any questions affecting only individual class members.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

The principal question presented by this case is whether the letter sent by CACH, violated various provisions of NRS Chapters 649 *et seq*. and 598 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect a consumer debt.

(c)     The only individual issue is the identification of the Nevada consumers who received the letter or were sued by CACH without CACH sending the letter  to them (i.e. the class members), a matter capable of ministerial determination from Defendants' records.

(d)     Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

(e)     Plaintiff will fairly and adequately represent the class members' interests and he has retained counsel experienced in bringing class actions and collection abuse claims.

31.    A class action is superior for the fair and efficient adjudication of the class members' claims.  The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

32.     If the facts are discovered to be appropriate, Plaintiff will seek to certify this class under NRCP and/or FRCP 23(b)(3).

33.    NRS 598 (deceptive trade practices) and 649 (collection agency practices), in tandem, allow a state claim for deceptive trade practices where the collection agency engages in harassing tactics, which has been defined in NAC 649.150 as "a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive" (i.e., the FDCPA).[2]

---

[2]N.R.S. 41.600  allows for an action by victims of fraud. It states in pertinent part:

(continued...)

- 7 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

34.     In addition, Defendants' acts and omissions violated NRS 649.370 (Violation of federal Fair Debt Collection Practices Act), NRS 649.375(1), (2) and (5) (Prohibited practices), and NRS 649.375(2).

35.     Defendants acted in bad faith and unfairly with the intent to deprive Plaintiff(s) of their rights or property.  Furthermore, Defendants knew of the probable harmful consequences of their wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

36.     Defendants' violations of Nevada statutes render it liable to Plaintiff and the members of the class, for actual damages, exemplary damages, fees and costs.

## COUNT TWO

**(Violations of Federal Fair Debt Collection Practices Act by CACH Against Defendants CACH and SquareTwo)**

37.     Plaintiff repeats, realleges and incorporates by reference, paragraphs one

---

[2](...continued)

    1. An action may be brought by any person who is a victim of consumer fraud.
    2. As used in this section, "consumer fraud" means:
                        * * *
    (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.

NRS 598.0923(3)&(4) defines deceptive trade practices as conducting a business in which it (3)"[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services" or (4) by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction." Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state."

NRS 649.375(5) pertains to prohibited acts of collection agencies.  It states, in pertinent part, that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by regulations adopted by the commissioner."

The regulations can be found in NAC 649.150, which states that:

The commissioner of financial institutions will consider *a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent* and grounds for the suspension or revocation of the license of the collection agency or collection agent.  [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79]—(NAC A by Admstr. of Financial Institutions, eff. 6-29-84; A by Comm'r of Financial Institutions, 5-19-88) (Emphasis added.)

Thus, a judgment finding Defendants violated NRS 649.375, would also establish that it engaged in a deceptive trade practice, which is the basis of this claim for relief.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1    through thirty-six, inclusive, above.

2        38.    This Count is brought by Plaintiff, individually and on behalf of a class,

3    consisting of consumers with Nevada addresses who (Class Two):

4            (a) within one year prior to the filing of this action;

5            (b) were sent a collection letter by CACH or any of its agents;

6            (c) in a form materially identical or substantially similar to the letter sent

7            to the Plaintiff, wherein the amount claimed to be owed was not itemized;

8            and

9            (d) the letter was not returned by the postal service as undelivered.

10        39.    Under FRCP 23, a class action is appropriate and preferable in this case

11    because:

12        (a)    Based on the fact that the collection letter at the heart of this

13        litigation is a mass-mailed form letter, the class is so numerous that

14        joinder of all members is impractical.

15        (b)    There are questions of law and fact common to the class that

16        predominate over any questions affecting only individual class members.

17        The principal question presented by this case is whether the letter sent by

18        CACH, violated various provisions of NRS Chapters 649 *et seq.* and 598 et

19        seq., by using any device, subterfuge, pretense or deceptive means or

20        representations to collect a consumer debt.

21        (c)    The only individual issue is the identification of the Nevada

22        consumers who received the letter or were sued by CACH without CACH

23        sending the letter  to them (i.e. the class members), a matter capable of

24        ministerial determination from Defendants' records.

25        (d)    Plaintiff's claims are typical of those of the class members.  All are

26        based on the same facts and legal theories.

27        (e)    Plaintiff will fairly and adequately represent the class members'

28        interests and he has retained counsel experienced in bringing class actions

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

- 9 -

1          and collection abuse claims.

2          40.    A class action is superior for the fair and efficient adjudication of the class

3    members' claims as Congress specifically envisioned class actions as a principal means

4    of enforcing the FDCPA.  See 15 U.S.C. 1692k.  The members of the classes are generally

5    unsophisticated consumers, whose rights will not be vindicated in the absence of a class

6    action.  Prosecution of separate actions by individual members of the classes would also

7    create the risk of inconsistent or varying adjudications resulting in the establishment of

8    inconsistent or varying standards for the parties and would not be in the interests of

9    judicial economy.

10          41.    If the facts are discovered to be appropriate, Plaintiff will seek to certify

11   the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

12          42.    Under the FDCPA, a debt collector cannot collect any amount (including

13   any interest, fee, charge, or expense incidental to the principal obligation) unless such

14   amount is expressly authorized by the agreement creating the debt or permitted by law.

15   *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. 2008).  The FDCPA also prohibits

16   collection practices that violate state or federal laws.  *Picht v. Jon R. Hawks, Ltd.*, 236

17   F.3d 446 (8th Cir. 2001); *Gaetano v. Payco*, 774 F. Supp. 1404 (D. Conn. 1990).

18          43.    CACH's collection letter and state court lawsuit violated numerous

19   provisions of the FDCPA by attempting to collect or collecting post-assignment charges

20   without first breaking out these charges in violation of NRS 649.375(2), and thus, is in

21   violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

22          44.    Defendants' violations of 15 U.S.C. §§ 1692e and f render it liable to

23   Plaintiff and the members of the class.

24          45.    Defendants used false representations and deceptive means to collect a

25   debt allegedly due to another, including, but not limited to, misrepresenting the

26   character, amount or legal status of the alleged debt and threatening to take any action

27   that cannot legally be taken, in violation of 15 U.S.C. § 1692e *et seq.*, rendering it liable

28   to Plaintiff and the members of the class.

- 10 -

*Law Offices of*
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

Law Offices of
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

46.     Defendants also used unfair or unconscionable means to collect a debt allegedly due to another, including, but not limited to, attempting to collect any amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f *et seq.*, rendering it liable to Plaintiff and the members of the class.

47.     As a result of Defendants' abusive, deceptive and unfair debt collection practices, Defendants are liable to Plaintiff and the members of the class for actual damages, statutory damages, costs and attorney fees.

**COUNT THREE**

**(Actual Fraudulent Transfer [NRS 112.180] in Violation of Nevada Law Against Defendants CACH and SQUARETWO)**

48.     Plaintiff repeats, realleges and incorporates by reference, paragraphs one through forty-seven, inclusive, above.

49.     Plaintiff is informed and believes, and on that basis alleges, Defendant SquareTwo caused Defendant CACH to transfer assets from CACH to SquareTwo while holding all liabilities related to such assets in order to avoid CACH from demonstrating a "net worth" for the purposes avoiding liability for violations of the FDCPA or Nevada's deceptive trade practice act ("NDTPA") or both as alleged by Plaintiff in this class action lawsuit or any other litigant with similar claims as Plaintiff, or both. Plaintiff, on behalf of himself and the members of the proposed classes have a right to payment of damages and other relief sought in this action for the illegal acts of Defendants.

50.     Plaintiff is informed and believes, and on that basis alleges, CACH transferred, and continues to transfer, all assets to its parent SquareTwo. SquareTwo assigns liabilities of SquareTwo to CACH so that CACH's net worth is zero or less. CACH does this to avoid liabilities, including but not limited to liability under consumer protection statutes such as the FDCPA and the NDTPA.

51.     Transfers such as those described above were done by Defendants with the intent to hinder, delay or defraud Plaintiff and the members of the proposed classes in this action, and other creditors, of its obligations owed to them. Defendants attempted

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1   to conceal or remove assets from CACH's ledgers so that it could be "judgment proof" or

2   otherwise not liable for damages and other relief in an action such as the instant action

3   by Plaintiff.

4       52.    As a result, Plaintiff and the members of classes defined herein were

5   harmed by Defendants' actions, Plaintiff, on behalf of himself and the members of the

6   class seeks an avoidance of or an order setting aside such fraudulent transfers in an

7   amount to be proven at trial, attachment or other provisional remedies, execution and

8   for the court to enjoin the Defendants from further transfers, and all other remedies

9   available under the law.

10       53.    In addition to the compensatory damages described above, Plaintiff, on

11   behalf of himself and the members of the class also seeks exemplary and punitive

12   damages, as Defendants' conduct was outrageous and despicable, warranting such an

13   award in an amount to be proven at time of trial. Defendants were guilty of malice, fraud

14   and/or oppression.

15   ### COUNT FOUR

16   ### (Constructive Fraudulent Transfer [NRS 112.180] in Violation of Nevada

17   ### Law Against Defendants CACH and SQUARETWO)

18       54.    Plaintiff repeats, realleges and incorporates by reference, paragraphs one

19   through fifty-three, inclusive, above.

20       55.    Plaintiff is informed and believes, and on that basis alleges, Defendant

21   SquareTwo caused Defendant CACH to transfer assets from CACH to SquareTwo while

22   holding all liabilities related to such assets in order to avoid CACH from demonstrating

23   a "net worth" for the purposes avoiding liability for violations of the FDCPA or NDTPA

24   or both as alleged by Plaintiff in this class action lawsuit or any other litigant with

25   similar claims as Plaintiff, or both. Plaintiff, on behalf of himself and the members of the

26   proposed classes have a right to payment of damages and other relief sought in this

27   action for the illegal acts of Defendants.

28       56.    Plaintiff is informed and believes, and on that basis alleges, CACH

transferred, and continues to transfer, all assets to its parent SquareTwo. SquareTwo assigns liabilities of SquareTwo to CACH so that CACH's net worth is zero or less. CACH does this to avoid liabilities, including but not limited to liability under consumer protection statutes such as the FDCPA and the NDTPA.

57.    Transfers such as these were done by Defendants with the intent to hinder, delay or defraud Plaintiff and the members of the proposed classes in this action, and other creditors, of its obligations owed to them. Defendants attempted to conceal or remove assets from CACH's ledgers so that it could be "judgment proof" or otherwise not liable for damages and other relief in an action such as the instant action by Plaintiff. Furthermore, CACH does not receive reasonably equivalent value of assets transferred to parent SquareTwo for the liabilities CACH has incurred in exchange for such transfer of assets.

58.    As a result, Plaintiff and the members of the proposed classes were harmed by Defendants' actions, Plaintiff, on behalf of himself and the members of the proposed classes seek an avoidance of or an order setting aside such fraudulent transfers in an amount to be proven at trial, attachment or other provisional remedies, execution and for the court to enjoin the Defendants from further transfers, and all other remedies available under the law.

## COUNT FIVE

### (Alter Ego Single-Enterprise Doctrine Against Defendants CACH and SQUARETWO)

59.    Plaintiff repeats, realleges and incorporates by reference, paragraphs one through fifty-eight, inclusive, above.

60.    Plaintiff is informed and believes, and on that basis alleges, Defendant CACH and SquareTwo in a similar or functionally reciprocal business of debt collection as defined by the Federal Debt Collection Practices Act.  The nature of this relationship results in CACH being nothing more than an instrument and/or conduit of SquareTwo in the pursuit of the single business venture and/or enterprise of debt collection.

- 13 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

61.     Plaintiff is informed and believes, and on that basis alleges, CACH and SquareTwo share common directors, officers, and employees; and jointly benefit from transactions entered into by one.

62.     Plaintiff is informed and believes, and on that basis alleges, SquareTwo posses dominate control over defendant CACH's finances, policies, and business practices so that SquareTwo and CACH may avoid liability and perpetrate a fraud.

63.     Defendants established this corporate relationship to perpetrate a fraud, to avoid liability, and to avoid the effect of the Federal Debt Collection Practices Act.

64.     As a direct and proximate result of Defendants' corporate structures, CACH avoids all liability under the FDCPA. CACH merely transfers whatever amount is necessary to its parent company in order to meet the objective of zeroing out liability for any NDTPA or FDCPA liability. Disregarding the separate nature of the corporations is necessary to prevent the substantial injustice of CACH continuing a business practice which effectively results in immunity from the FDCPA.

<strong>DEMAND FOR JURY TRIAL</strong>

65.     Please take notice that Plaintiff demands trial by jury in this action.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff respectfully prays, that this Court grant the following relief in his favor, and on behalf of the class, and that judgment be entered against Defendants for the following:

(1)     For statutory damages;

(2)     For actual damages;

(3)     For exemplary damages;

(4)     A determination that CACH's form letter violates the FDCPA;

(5)     A determination that Defendant SquareTwo is the alter ego of Defendant CACH such that SquareTwo may be held liable for the judgment rendered;

(6)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

- 14 -

(7)     For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(8)     Relief as the Court deems just and proper to remedy the fraudulent transfer of assets from CACH to SquareTwo; and

(9)     For any and all other relief this Court may deem appropriate.

DATED this 19th day of February 2013.

Respectfully submitted by:

*/s/ Craig B. Friedberg*
CRAIG B. FRIEDBERG
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
and
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005

*Attorneys for Plaintiff*

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

- 15 -

# EXHIBIT   1

# EXHIBIT   1

**STEPHEN R. KOPOLOW, P.C.**

*Main Office/Return Mail Service:*
1050 East Flamingo Road, Suite W-146
Las Vegas, NV 89119



19-Feb-12

45248

E *****AUTO**MIXED AADC 350
34829-19A/REDACTION9519/14106/DM1P      0488
RODNEY MORRIS                                        45248
REDACTION
LAS VEGAS, NV 891 REDACTION                      67

RE:   Creditor:                         **CACH, LLC**
      **Account Number:**        REDACTION**9519**
      **Original Creditor:**          **WELLS FARGO BANK, N.A.**
      **Original Account Number:**   REDACTION 9254
      **Current Balance:**            **$13,609.93**

Dear Rodney Morris:

This office is a debt collector and has been retained to collect the debt owed by you to CACH, LLC. This is
a demand for payment of your outstanding obligation.

At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account. However, if you fail
to contact this office our client may choose to request an attorney review of your file. Unless, within thirty days after receipt of this notice,
you dispute the validity of the debt or any portion thereof, this firm will assume the debt to be valid. If, within thirty days of your receipt of
this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or, if the debt is
founded upon a judgment, a copy of such judgment, and we will cease all collection activities until we provide you with verification, and we
will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your
written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are represented in this matter by an attorney, please give us the name, address and phone number of your attorney so that we may
communicate with your attorney rather than you.

Please call our office toll free at 1-866-200-9360, and our fax number is 702-685-7237. Our office is usually open from 8:00 AM until 5:00
PM PST, Monday through Friday.

Thank you for your attention to this matter.

Yours truly,
Stephen R. Kopolow, P.C.

**This communication is from a debt collector. We are attempting to collect a debt, and any information obtained will be used for that
purpose.**

SEE THE REVERSE SIDE FOR REQUIRED STATE COMPLIANCE INFORMATION.

DM1P

0488.14106

*We are required under state and/or federal law(s) to notify consumers of certain rights.*
*This list does not include a complete list of rights consumers may have under state or federal laws or regulations.*

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** For Information about the Colorado Fair Debt Collection Practices Act, see HTTP://WWW.COLORADOATTORNEYGENERAL.GOV/CA A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of time after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office Location: 1050 East Flamingo Road, Suite W-146, Las Vegas, NV 89119. Phone: 866-200-9360 Business hours: 8:00 AM - 5: 00 PM Monday-Friday (PST)

**In Massachusetts:** Office Location: 1050 East Flamingo Road, Suite W-146, Las Vegas, NV 89119. Phone:866-200-9360 Business hours: 8:00 AM - 5: 00 PM Monday-Friday (PST) Massachusetts law requires that we inform you:

### NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**In Texas:** Office Location: 1050 East Flamingo Road, Suite W-146, Las Vegas, NV 89119. Phone: 866-200-9360 Business hours: 8:00 AM - 5: 00 PM Monday-Friday (PST)

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Federal Law or other state laws may also provide you with similar or even greater rights.

### IMPORTANT INFORMATION ABOUT CREDIT REPORTING
Our clients may report information about your account to credit bureaus.

Stephen R. Kopolow, P.C. reserves the right to monitor and/or record telephone calls for training, quality, and compliance purposes including calls originated by, or made to, Stephen R. Kopolow, P.C. Calling into Stephen R. Kopolow, P.C.or accepting a call from Stephen R. Kopolow, P.C. Constitutes permission to record the telephone conversation.

### Payment Instructions For Western Union Quick Collect
For your convenience in paying by Western Union, Please note the following instructions, if applicable:
1. Call Western Union at 1-800-325-6000 to locate the Western Union agent closest to you.
2. Obtain Quick Collect payment form from your Western Union agent. Fill out the Quick Collect payment form completely. Make it payable to Collect America. The code city and state is Anthony, MA and the account number will be your account number found on the front of this letter.
3. Give the agent the completed Quick Collect form, the payment amount, and the transaction fee (presently $12.95) required and payable to Western Union in cash.

You will receive a receipt from the Western Union agent with a ten-digit control number. This number is proof that the money was sent. Please retain that receipt for your records.

# EXHIBIT   2

# EXHIBIT   2



Electronically Filed
_/07/2012 01:5_29 PM

CLERK OF THE COURT

**STEPHEN R. KOPOLOW, P.C.**
Stephen R. Kopolow, Esq.
Nevada Bar No. 8533
1050 East Flamingo Road, Suite W-146
Las Vegas, NV 89119
866-660-0617
Attorney for Plaintiff
baldovinos@kopolowlaw.com

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CACH, LLC, | ) |
| Plaintiff, | ) Case Number: A - 1 2 - 6 6 1 4 0 |
| | ) Dept. No.:       V |
| vs. | ) |
| RODNEY MORRIS an individual, DOES I through X, inclusive, | ) Date of Hearing: N/A |
| | ) Time of Hearing: N/A |
| Defendant. | ) |
| | ) **NRS CHAPTER 97A DEBT** |

## **COMPLAINT**

CACH, LLC, assignee of WELLS FARGO BANK, N.A., hereinafter "Plaintiff" complains and alleges RODNEY MORRIS hereinafter "Defendant" as follows:

1. That all times relevant hereby Plaintiff was and is a limited liability corporation organized under the laws of Colorado.

2. That Defendant, RODNEY MORRIS is a resident of Las Vegas, CLARK County, Nevada.

3. That the true names and capacities, whether individual, corporate, associate or otherwise, of Defendant named herein as DOES I through X, inclusive are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names and Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

1

1    Plaintiff believes that each Defendant(s) may be responsible in some manner for the events

2    herein referred to and caused damages approximately thereby to Plaintiff alleged herein.

3    4.    Plaintiff is informed and thereupon alleges that at all times relevant hereto, each of the

4    Defendants were the principal, agent, employee, co-conspirator, each of all the others, and at

5    times mentioned herein were acting within the course and scope of such relationships.

6

7    5.    WELLS FARGO BANK, N.A. issued a credit card in the Defendant's name under its account

8    number, XXXXXXXXXXXX9254.  The account number was changed finally by the Plaintiff

9    to REDACTION 9519.

10   6.    The Defendant received and used (or authorized the use of) the card and thereby became

11   obligated to pay for the charges incurred with the debt.

12   7.    On or about 7/26/2009, Defendant defaulted on the obligation to make monthly payments on

13   said credit card account, and the account was subsequently canceled.

14

15   8.    The entire balance on the account is presently due and payable in full.

16   9.    The credit card account was charged off to profit and loss by WELLS FARGO BANK, N.A. on

17   or about 2/28/2010.

18   10.   The total account balance purchased by Plaintiff was $10,822.02.

19   11.   Since Plaintiff's purchase of the account, the Defendant has not made any payments.

20

21   12.   Interest in the amount of $3,196.90 has accrued since the Plaintiff purchased this obligation.

22   13.   WELLS FARGO BANK, N.A. sent to the Defendant monthly invoices/bills reflecting, *inter*

23   *alia,* all charges incurred with the credit card, the monthly payment due, and the total balance

24   due.  To the best of Plaintiff's knowledge and belief, Defendant did not ever dispute the

25   monthly bills or the charges reflected thereon.

26

27   **FIRST CAUSE OF ACTION**
     **Breach of Contract**

28

2

14. Paragraphs 1 through 13 are herein incorporated by reference as if fully set forth here.

15. The issuance of a credit card constitutes the offer of a contract. In the absence of such an agreement the issuance of the credit card constitutes the acceptance of the offer of credit. By using and/or authorizing the use of the credit card, the Defendant accepted the contract with WELLS FARGO BANK, N.A. and became bound to pay for all charges incurred with the credit card.

16. Defendant also is subject to all of the terms and conditions of WELLS FARGO BANK, N.A.'s cardholder agreement.

17. The Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused WELLS FARGO BANK, N.A. damages in the amount of the current outstanding balance due on the credit card account.

18. The Defendant is presently indebted to Plaintiff in the amount of $10,822.02 that being the balance through 12/2/2010. Plaintiff is also entitled to recover contractual interest at the rate provided for in WELLS FARGO BANK, N.A.'s contract with the Defendant.

19. Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

20. Despite repeated demands to repay this obligation, the Defendant refused and continues t refuse to repay this obligation.

21. That Plaintiff has been caused to retain the services of an attorney in order to prosecute this action and is entitled to reasonable attorney's fees, therefore, together with costs of suit incurred herein.

///

///

3

**SECOND CAUSE OF ACTION**
**Account Stated**

22.  Paragraphs 1 through 21 are herein incorporated by reference as if fully set forth here.

23.  Plaintiff asserts that Defendant's use of the credit card to purchase goods and services represented a periodic account, for which WELLS FARGO BANK, N.A. generated regular monthly statements.

24.  Despite providing statements confirming an outstanding balance exists and repeated demands to repay this obligation, the Defendant refused and continues to refuse to repay this obligation.

25.  That Plaintiff has been caused to retain the services of an attorney in order to prosecute this action and is entitled to reasonable attorney's fees, therefore, together with costs of suit incurred herein.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, RODNEY MORRIS as follows:

1.  For judgment in the current amount due of $10,822.02 together with interest at the maximum lawful rate from the date of judgment, until paid in full;

2.  For judgment on the interest that has accrued since the Plaintiff purchased the obligation in the amount of $3,196.90 or as proven at trial;

///

///

///

4

3.    For costs of suit incurred herein;

4.    For reasonable attorney's fees; and

5.    For such other and further relief as this Court may determine to be just and proper in the premises.

**DATED** this 4th day of May, 2012.

STEPHEN R. KOPOLOW, P.C.

Stephen R. Kopolow, Esq.
Nevada Bar No. 8533
1050 East Flamingo Road, Suite W-146
Las Vegas, NV 89119
866-660-0617
Attorney for Plaintiff