CRAIG B. FRIEDBERG
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
*and*
BRIAN L. BROMBERG
(Admitted *pro hac vice* – New York Bar No. 2441947)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Phone: (212) 248-7906; Fax: (212) 248-7908

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY MORRIS, on behalf of himself and all similarly situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION, a Delaware Corporation, DOES I-V inclusive and ROE Corporations VII-X, inclusive, <br><br><br> Defendants | No.: 2:13-cv-270-APG-GWF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO MOTION TO DISMISS

i

# Contents

Introduction   .   .   .   .   .   .   .   .   .   1

Procedural History   .   .   .   .   .   .   .   .   2

Argument   .   .   .   .   .   .   .   .   .   4

    I.   This case is not moot because CACH and SquareTwo
never offered complete relief to Morris or to the class.   .   4

        A. CACH's and SquareTwo's offer of $1,000 to the
class does not satisfy the demand for statutory
damages because the class is entitled to a
maximum of $500,000 or 1% of defendants' net
worth.   .   .   .   .   .   .   .   .   4

        B. Defendants did not offer complete relief because
their joint offer ignored Morris's demand for
declaratory relief, exemplary damages, and actual
damages on behalf of the class.   .   .   .   .   6

            1. "Complete relief" consists of what a plaintiff
demands, rather than what a defendant
believes to be adequate.   .   .   .   .   6

            2. CACH's and SquareTwo's misleading practices
caused the class actual damages, and Morris
has standing to recover for them.   .   .   .   8

    II.   An unaccepted Rule 68 offer of judgment made
before class certification does not render an FDCPA
class action moot – even if the offer on its face would
have granted complete relief both to the class
representative and the class itself.   .   .   .   .   11

        A. An unaccepted Rule 68 offer never moots a case.   .   12

B. In a class action where the class has not yet been certified, treating a rejected offer of judgment as though it had been accepted and judgment entered on its terms ignores the purpose and procedures of Rule 23, and leaves the class members vulnerable to abuses expressly prohibited by Rule 23 and relevant Supreme Court precedent.    .    .    .    .    .    .    14

1. Rule 68 and Rule 23 serve fundamentally different purposes.    .    .    .    .    .    15

2. CACH's and SquareTwo's offer of judgment to the class cannot bind the class because any class settlement must be approved by the court, and because class members are entitled to notice and an opportunity to be heard.    .    .    17

3. CACH and SquareTwo's offer of judgment was null because it is impossible for judgment to be entered in favor of a class before the class has been certified.    .    .    .    .    20

4. An offer of judgment that offers relief only with regard to a representative plaintiff's claims does not moot an FDCPA class action.    .    22

Conclusion    .    .    .    .    .    .    .    .    .    25

iii

**Introduction**

Defendants CACH, LLC ("CACH") and SquareTwo Financial Commercial Funding Corporation ("SquareTwo") would rather not have to face this lawsuit. In an attempt to avoid it, they argue that there's no disagreement or dispute of any kind between them and Plaintiff Rodney Morris. But in their argument, the defendants ignore key facts concerning what Morris demands in his complaint, resting instead on a fundamental misunderstanding of the law of mootness.

Morris filed this action on behalf of himself and an unknown number of similarly situated consumers, all of whom were sent deceptive debt-collection letters by the defendants that violated the Fair Debt Collection Practices Act ("FDCPA"),[1] as well as Nevada state law. Some class members – it is not yet known how many – suffered actual damages because the defendants' misleading statements caused them to pay more than they were legally required to pay. To date, neither CACH nor SquareTwo have admitted they broke the law, and no court has entered any judgment deciding whether they did or didn't. Neither CACH nor SquareTwo have paid a penny of the statutory damages or actual damages Morris has demanded. Yet they now move to dismiss this action. The sole basis for their motion is that there is no Article III "case or controversy" present.

The controversy between Morris and CACH and SquareTwo is still

---

[1] 15 U.S.C. § 1692 *et seq.*

1

very much alive. CACH and SquareTwo cannot use an unaccepted Rule 68 offer of judgment to avoid enforcement of the FDCPA and Nevada consumer protection laws, especially when the offer of judgment would not have fully satisfied either Morris or the class, and especially when the class hasn't even been certified.

## Procedural History

Morris filed a class action complaint on February 19, 2013, seeking an award of actual damages, statutory damages, exemplary damages, declaratory and injunctive relief, and reasonable attorney fees and costs.[2] Defendants CACH and SquareTwo were served with the Summons and Complaint on April 10, 2013.[3]

Defendants took several steps on May 15, 2013. Both CACH and SquareTwo filed Answers.[4] Also on May 15, both defendants delivered to Morris's attorneys a joint offer of judgment under Fed.R.Civ.P. 68.[5] Finally, on the same day, SquareTwo delivered to Plaintiff a letter demanding that the Complaint be withdrawn as to SquareTwo or else face a motion for sanctions under Fed.R.Civ.P. 11.[6] On May 29, 2013, the defendants' offer of judgment expired under Rule 68.

---

[2] ECF#1.
[3] ECF#20.
[4] ECF#16 and ECF #15, respectively.
[5] A copy of the defendants' offer of judgment is attached as <u>Exhibit A</u> to the accompanying Declaration in Opposition of Craig B. Friedberg (the "Friedberg Dec"), dated August 21, 2013.
[6] Friedberg Dec, <u>Exhibit B</u>.

2

After reviewing SquareTwo's Rule 11 letter dated May 15, 2013, as well as SquareTwo's Answer and the Certificates of Interested Parties filed by both SquareTwo and CACH,[7] Morris's attorneys concluded they had incorrectly named SquareTwo as a defendant rather than the SquareTwo Financial Corporation, which is the parent company of both CACH and SquareTwo, according to the defendants' Certificates of Interested Parties. Plaintiff's attorneys promptly wrote to SquareTwo's attorneys explaining the error and expressing Morris's intention to amend the Complaint to substitute SquareTwo Financial Corporation as defendant in place of SquareTwo. In their letter, Morris's attorneys asked if counsel for SquareTwo would be willing to stipulate to amending the Complaint and to waive service upon SquareTwo Financial Corporation.[8] Because both defendants were unwilling to stipulate, Plaintiff on June 20, 2013 filed a Motion for Leave to Amend the Complaint.[9] That motion is pending.

On July 1, 2013, CACH filed the Motion to Dismiss now before the Court.[10] On July 9, 2013, SquareTwo joined the motion.[11] Meanwhile, on July 8, 2013 SquareTwo had filed an Opposition to Plaintiff's Motion for Leave to Amend the Complaint,[12] which, on July 9, 2013, CACH joined.[13]

---

[7] ECF#18 and ECF#17, respectively.
[8] *See* Friedberg Dec, Exhibit C.
[9] ECF#21.
[10] ECF#22
[11] ECF#27.
[12] ECF#24.

3

Argument

I.  **This case is not moot because CACH and SquareTwo never offered complete relief to Morris or to the class.**

The sole rationale for CACH's and SquareTwo's Motion to Dismiss is that, because their joint offer of judgment allegedly offered Morris and the class full relief, the Article III "case or controversy" is now moot. Defendants' argument assumes, among other things, that their offer of judgment would have fully satisfied Morris and the class if only it had been accepted. This assumption is wrong.

A.  **CACH's and SquareTwo's offer of $1,000 to the class does not satisfy the demand for statutory damages because the class is entitled to a maximum of $500,000 or 1% of defendants' net worth.**

Debt collectors who violate the FDCPA are liable for statutory damages of up to $1,000 in individual cases.[14] In class actions, violators are liable for statutory damages of up to $500,000 or 1% of the defendant's net worth, whichever is lower.[15] In a class action, a defendant's net worth is an issue of fact that goes to the merits of the plaintiff's case, since that number will ultimately determine the amount of damages that the class can recover. And here, Morris disputes that fact issue.

As CACH points out in its memorandum in support of its motion to

---

[13] ECF#26.
[14] 15 U.S.C. § 1692k(a)(2)(A).
[15] *Id.* at § 1692k(a)(2)(B).

4

dismiss, the defendants attached to their offer of judgment affidavits signed by individuals claiming to be familiar with the defendants' finances.[16] Attached, in turn, to the affidavits are what appear to be rather bare-bones balance sheets for the defendants.[17] Notably, neither affidavit claims that the balance sheets are records kept in the course of a regularly conducted activity or that making the records were regular practices of those activities – as would be required for the balance sheets to be admissible under Fed.R.Evid. 803(6). Morris believes the net worth of CACH, SquareTwo, and their parent SquareTwo Financial Corporation, to be considerably higher, based on an examination of certain documents filed with the U.S. Securities and Exchange Commission.[18]

At any rate, it is inappropriate for the parties to be arguing factual issues that go to the merits of Morris's case at this stage of the action, under the guise of a Rule 12(b)(1) motion. As the Ninth Circuit said in *Roberts v. Corrothers*, "where issues of jurisdiction and substance are intertwined, [a] court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual matters going to the merits.'"[19] Here, not only is defendants' net worth a factual issue that goes to

---

[16] *See* <u>Exhibit B</u> and <u>Exhibit C</u> attached to Motion to Dismiss of Defendant CACH, LLC (ECF#22) at 14, 17.

[17] *See Id.* at 15, 18.

[18] *See* Friedberg Dec, <u>Exhibit D</u>.

[19] 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 70 F.2d 1074, 1077 (9th Cir. 1983) (other citations omitted).

the merits of the case, but the evidence that will illuminate this factual issue

is within the possession of defendants. And Morris has not yet had the

opportunity to conduct discovery into this issue. It is premature and

procedurally incorrect for CACH and SquareTwo to use a 12(b)(1) motion to

unilaterally resolve a factual issue that can only be determined through

discovery and, ultimately, summary judgment or trial.

> **B. Defendants did not offer complete relief because their joint offer ignored Morris's demand for declaratory relief, exemplary damages, and actual damages on behalf of the class.**

As explained more fully in Part II of this Argument, Morris does not

agree that an offer of judgment – even one that offered complete relief to

Morris and the class – would have resulted in mootness under the

circumstances of this case. But even assuming that an offer of complete relief

can sometimes have that effect, CACH and SquareTwo did not offer complete

relief here.

> **1.  "Complete relief" consists of what a plaintiff demands, rather than what a defendant believes to be adequate.**

Recently, the Sixth Circuit addressed what constitutes "complete

relief" when an offer of judgment is made. In *Hrivnak v. NCO Portfolio

Mgmt.*,[20] the Sixth Circuit held that "[a]n offer limited to the relief the

*defendant* believes is appropriate does not suffice. The question is whether

---

[20] 719 F.3d 564 (6th Cir. 2013).

6

the defendant is willing to meet the plaintiff on his terms."[21] In *Hrivnak*, a consumer filed a class action complaint against a debt collector alleging violations of the FDCPA.[22] In addition to class relief, Hrivnak's complaint sought statutory damages, injunctive and declaratory relief, and compensatory and punitive damages "exceeding $25,000" and costs and attorney's fees.[23] Before class certification, defendant NCO served upon Hrivnak an offer of judgment offering $7,000 and reasonable costs and attorney's fees. Hrivnak rejected the offer.[24]

NCO filed a motion to dismiss for lack of subject matter jurisdiction, arguing that it had offered to Hrivnak everything he could have recovered as an individual, and the district court granted the motion.[25] The district court rejected the debt collector's argument and the Sixth Circuit affirmed,[26] explaining that there was no need to reach the question of whether an offer of complete relief to an individual moots a class action, because "defendants [had] not cleared the first hurdle" of showing they had offered complete relief.[27] The court said that it didn't matter that Hrivnak had not "allege[d] any physical, mental or employment-based harm" in his complaint, nor that the text of the FDCPA by its terms does not authorize declaratory or

---

[21] *Id.* at 567 (citing *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005)).
[22] *See Hrivnak*, 719 F.3d at 565.
[23] *See id.*
[24] *See id.* at 566.
[25] *See id.*
[26] *See id.* at 570.
[27] *See id.* at 567.

7

1  injunctive relief. "To rule on whether Hrivnak is entitled to a particular kind
2  of relief is to decide the merits of the case. Neither Rule 68 nor any other
3
4  Rule or tradition requires the district court to do that in response to a motion
5  to dismiss for lack of subject matter jurisdiction."[28]

6      Here, Morris demands actual damages on behalf of the class,[29] as well
7  as exemplary damages and declaratory relief[30] – none of which were
8
9  addressed in CACH's and SquareTwo's joint offer. Precedent – and common
10  sense – make clear that, because the defendants did not offer Morris
11  everything for which he asked, they did not offer complete relief.

12          **2. CACH's and SquareTwo's misleading practices caused the
13          class actual damages, and Morris has standing to recover
14          for them.**

15      CACH's memorandum in support of its motion to dismiss assumes that
16  members of the class suffered no actual damages "from the mere receipt of
17  [misleading debt collection] letters." This obscures what CACH and
18
19  SquareTwo did to the class members. CACH and SquareTwo were collecting
20  greater amounts than they were authorized to collect under Nevada law, all
21  the while misrepresenting to consumers that they were allowed to do so.
22  While the extent of the actual damages suffered by the class will come to
23  light only through the discovery process, the way in which the class was
24
25

---

26  [28] *Id.* at 570.
27  [29] *See* Proposed First Amended Complaint, ¶¶ 1, 49, and 60 and Prayer for
    Relief (ECF#21-1).
28  [30] *See id.* at ¶¶ 1 and 49 and Prayer for Relief.

8

damaged is clear.

NRS 649.375(2) prohibits debt collectors such as defendants from collecting any amount that has not been added to the principal amount by the original creditor before the debt collector received the account for collection, unless the additional amount is otherwise authorized by law or by the original agreement entered into by the consumer. If a debt collector attempts to collect an amount in excess of the amount allowed by NRS 649.375(2), and a consumer pays the excessive amount, then the consumer has suffered actual damages. The amount of the consumer's damages is equal to the amount that the debt collector illegally added to the amount due.[31]

CACH's and SquareTwo's activities also violate the FDCPA. Collection or attempted collection of unlawful amounts by debt collectors a serious violation – so much so that the FDCPA's drafters specifically addressed it in at least three provisions: § 1692e(2)(A), prohibiting the false representation of the character, amount, or legal status of any debt; § 1692e(5), prohibiting threats to take any action that cannot legally be taken; and § 1692f(1), prohibiting the collection of any amount (including interest, fees, charges, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Not only have the class members suffered actual damages, but Morris

---

[31] *See, e.g.*, *Cruz v. Int'l Collection Corp.*, 673 F.3d 991 (9th Cir. 2012); *Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675 (D. Nev. 2008).

has standing to recover for those damages on their behalf – despite the fact that Morris himself suffered no actual damages. In *Santoro v. Aargon Agency, Inc.*,[32] this Court faced an almost identical situation. A consumer had filed a class action lawsuit against a debt collector that had sent false and misleading debt collection letters.[33] While Santoro himself had not suffered actual damages as a result of the letter, members of the class had, and Santoro sought to recover actual damages on their behalf.[34] The defendant argued that Santoro lacked standing to do so. This Court held that Santoro had standing to seek the actual damages on behalf of the class members.[35] It made no difference that "the damages recoverable for the class members' injuries may [have] differed[;]  the fact remain[ed] that their injuries [were] the same."[36]

Other courts have arrived at the same conclusion reached in *Santoro*, in a line of cases[37] stemming from the Seventh Circuit's seminal FDCPA decision in 1998 in *Keele v. Wexler*.[38]

Here, as in *Santoro,* Morris suffered the same injury as members of the

---

[32] 252 F.R.D. 675 (D. Nev. 2008).
[33] *See id.* at 679.
[34] *See id.* at 681.
[35] *See id.* at 681-82.
[36] *See Id.* (quoting *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998) (emphasis removed)).
[37] *See, e.g.*, *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 509-10 (N.D. Cal. 2007); *Wyatt v. Creditcare, Inc.*, No. 04-03681-JF, 2005 WL 2780684 at *5 (N.D. Cal. Oct. 25, 2005); *Connor v. Automated Accounts, Inc.*, 202 F.R.D. 265, 269 (E.D. Wash. 2001).
[38] 149 F.3d 589.

class because CACH and SquareTwo implemented the same deceptive tactics against both him and the class – that is, everyone was sent the same form letter. Even if Morris never made a payment to CACH, Morris has standing to recover actual damages on behalf of class members who did. Thus, offering what Defendants purport to be the maximum *statutory* damages to the class members does nothing to satisfy their *actual* damages for the unlawful amounts collected from them.

II.   **An unaccepted Rule 68 offer of judgment made before class certification does not render an FDCPA class action moot – even if the offer on its face would have granted complete relief both to the class representative and the class itself.**

Even if CACH's and SquareTwo's offer of judgment would have fully satisfied either Morris or the class – which it would not have done – the case would not now be moot. A pre-certification offer of judgment can never moot a class action.

This is true for two independent reasons. First, Morris encourages this court to recognize that a Rule 68 offer of judgment can never render a case moot under *any* set of circumstances. Admittedly, some courts have assumed to the contrary, at least under some circumstances not applicable here – for example, after a class has been certified.[39] But Justice Kagan, in her dissent

_____

[39] *See, e.g.*, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) ("[I]f the district court has certified a class . . . a defendant may moot a class action through an offer of settlement only if he satisfies the demands of the class . . . .") (emphasis added).

in *Genesis Healthcare Corp. v. Symczyk*,[40] questions this assumption – and debunks it.

Second, even assuming that an offer of judgment that offers complete relief could erase subject matter jurisdiction under some circumstances, it cannot do so here, in a class action that has not even reached the certification stage. A Rule 68 offer made to an uncertified class has no effect, because such an offer is inconsistent with the purpose and the requirements of Rule 23, which governs class actions. And, as the Ninth Circuit made clear in *Pitts v. Terrible Herbst, Inc.*, a Rule 68 offer that would satisfy only the named plaintiff does not moot a class action.[41]

### A.  An unaccepted Rule 68 offer never moots a case.

Justice Kagan's opinion in *Genesis Healthcare* demonstrates why an unaccepted offer of judgment never renders a case moot. In that case, plaintiff Symczyk brought a collective action under the Fair Labor Standards Act to recover underpaid wages. Before any other individuals could join the collective action, Genesis served on Symczyk a Rule 68 offer of judgment that would have restored to her all the underpaid wages she sought. Symczyk rejected the offer, prompting Genesis to move for summary judgment under Rule 12(b)(1). Genesis argued that the offer of judgment had rendered the case moot, since, at the moment that Genesis offered Symczyk complete

---

[40] 133 S.Ct. 1523 (2013).
[41] 653 F.3d at 1091-92.

relief, the live controversy no longer existed. The Supreme Court held that the trial court lacked subject matter jurisdiction, reversing the Third Circuit.

But key to understanding the implications of *Genesis Healthcare* is that the majority opinion "assumed, without deciding," that the offer of judgment had rendered the case moot.[42] In dissent, Justice Kagan attacked this assumption, calling it "wrong, wrong, and wrong again."[43] As Justice Kagan pointed out, such a result would turn mootness doctrine on its head because, as the Court had reaffirmed earlier in the term, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[44] Because Symczyk had, in fact, rejected the offer, Symczyk had not been made whole and a court could still grant her relief. "When a plaintiff rejects such an offer – however good the terms –her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief."[45]

In addition to its inconsistencies with mootness doctrine, the idea that an unaccepted offer of Judgment moots a case is also inconsistent with Rule 68. According to Justice Kagan,

> Rule 68 precludes a court from imposing judgment
> for a plaintiff . . . based on an unaccepted
> settlement offer made pursuant to its terms. The
> text of the Rule contemplates that a court will enter

---

[42] *Id.* at 1532.
[43] *Id.* at 1533.
[44] *Id.* (quoting Chafin v. Chafin, 133 S.Ct. 1017, 1023 (2012)).
[45] *Genesis Healthcare*, 133 S.Ct. at 1533.

13

> judgment only when a plaintiff accepts an offer. . . .
> And the Rule prohibits a court from considering an
> unaccepted offer for any purpose other than
> allocating litigation costs – including for the
> purpose of entering judgment for either party. . . .
> That injunction accords with Rule 68's exclusive
> purpose: to promote voluntary cessation of
> litigation by imposing costs on plaintiffs who spurn
> certain settlement offers. The Rule provides no
> appropriate mechanism for a court to terminate a
> lawsuit without the plaintiff's consent.[46]

Applying Justice Kagan's reasoning to Morris's claims against CACH and SquareTwo, it is clear that the court can still grant "effectual relief." Indeed, it can grant him all the relief he seeks. CACH's and SquareTwo's offer may have proposed that the court grant him relief, but the court has yet to do so. Morris's case is not moot because he has received neither a judgment nor a single penny of relief. Furthermore, CACH's and SquareTwo's offer of judgment is not even admissible at this stage and should be disregarded by the court. For these reasons, the court's subject matter jurisdiction over Morris's case remains intact.

**B. In a class action where the class has not yet been certified, treating a rejected offer of judgment as though it had been accepted and judgment entered on its terms ignores the purpose and procedures of Rule 23, and leaves the class members vulnerable to abuses expressly prohibited by Rule 23 and relevant Supreme Court precedent.**

CACH's and SquareTwo's suggestion that the Court treat an unaccepted Rule 68 offer as though it had been accepted by a class is

---

[46] *Id.* at 1536 (internal citations and quotations omitted).

14

particularly flawed here, before the class has even been certified. This is because Rule 68 and Rule 23 serve two fundamentally different roles and establish two fundamentally different procedures. As explained below, here it would have been impossible both for the uncertified class to accept the Rule 68 offer of judgment or for the court clerk to enter judgment in favor of the uncertified class. In other words, CACH's and SquareTwo's offer of judgment couldn't have actually resolved the case. It makes no sense to suppose that an offer that could not have ended the case could erase the underlying Article III "case or controversy."

Indeed, the only party who could have accepted CACH's and SquareTwo's offer of judgment was Morris, and he could only have accepted their offer as to his individual claims. But Morris rejected the offer, and Ninth Circuit precedent is clear that an unaccepted offer of judgment that would have satisfied only the named plaintiff's individual claims cannot moot a class action.

### 1. Rule 68 and Rule 23 serve fundamentally different purposes.

Rule 68 is a general rule allowing offers of judgment up to 14 days before trial; Rule 23 is a specific rule applicable only to class actions requiring, among other protections, court approval before dismissing or compromising a class action. While CACH and SquareTwo would like to use Rule 68 as a weapon to eradicate the legitimate claims of the class, this was not the purpose for which it was drafted.

Rule 68 was designed for the limited purpose of providing a defendant who does not wish to contest liability a procedure for settling for a reasonable amount before trial. It provides an incentive to plaintiffs to accept reasonable offers. "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."[47]

The purposes behind Rule 23 are equally well recognized.[48] Rule 23 makes it possible and practicable for consumers – particularly those whose losses may be modest – to sue for damages without incurring ruinous legal costs. "Cost spreading can also enhance the means for private attorney general enforcement and the resulting deterrence of wrongdoing."[49] "One of the paramount values in this system is efficiency. Class certification enables courts to treat common claims together, obviating the need for repeated adjudications of the same issues."[50]

But while class actions promise certain benefits, they also pose certain dangers. In particular, class members face the threat that the plaintiff or class counsel will collusively settle away class members' interests in order to feather their own nests. The concern is particularly acute when absent class

---

[47] *Marek v. Chesny*, 473 U.S. 1, 5 (1985).
[48] *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 338 n.9 (1980).
[49] *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 784 (3d Cir. 1995), *cert. denied* 516 U.S. 824 (1995).
[50] *Id.* at 783.

members may have relied upon the pendency of the class action to protect their own interests.

For these reasons, Rule 23 provides a number of protections for absentee class members, including judicial review of the adequacy of the settlement, and notice and opportunity to be heard for absentee class members. By directing a Rule 68 offer of judgment to the class before it has been certified – and, now, by arguing that the offer eradicated the class's legitimate claims – CACH and SquareTwo are attempting to work an end-run around Rule 23's safeguards.

> **2. CACH's and SquareTwo's offer of judgment to the class cannot bind the class because any class settlement must be approved by the court, and because class members are entitled to notice and an opportunity to be heard.**

CACH's and SquareTwo's attempt to force an inadequate settlement on the class before it has been certified would shred important protections for absentee class members. The two most important of these protections – judicial review of class settlements, and notice and opportunity to be heard – are established by Rule 23. Their vital role has been repeatedly emphasized by courts, including the Supreme Court. CACH's and SquareTwo's approach ignores them.

The Federal Rules of Civil Procedure provide that "the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or

17

compromised *only* with the court's approval."[51] As the Advisory Committee

explained, the addition of a court-approval requirement was intended "to

strengthen the process of reviewing proposed class-action settlements."[52] The

Committee noted in particular that "court review and approval are essential

to assure adequate representation of class members who have not

participated in shaping the settlement."[53] Rule 23(c)(2), together with parts of

Rule 23(e), provide an additional type of protection for the class: notice and

opportunity for a hearing. Most important is Rule 23(e)(1)'s command that,

whenever the parties propose a class settlement, "[t]he court must direct

notice in a reasonable manner to all class members who would be bound by

the proposal." Any class member enjoys the right to object to the proposed

settlement,[54] and may appear by an attorney if he or she so desires.[55]

Conversely, Rule 68, by its plain language, *limits* district court

discretion. When a plaintiff accepts a defendant's Rule 68 offer to "allow

judgment on specified terms," the clerk "*must* then enter judgment."[56] That

lack of discretion – to say nothing of CACH's and SquareTwo's attempt to

---

[51] Fed.R.Civ.P. 23(e) (emphasis added).

[52] Fed.R.Civ.P. 23(e) Advisory Committee Notes, 2003 amendments.

[53] *Id. See also Officers for Justice v. Civil Svc. Comm'n of City and Cty. Of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982) ("The primary concern of this subsection is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties.").

[54] *See* Fed.R.Civ.P. 23(e)(5).

[55] *See* Fed.R.Civ.P. 23(c)(2)(B)(iv).

[56] Fed.R.Civ.P. 68(a) (emphasis added).

18

wipe out the class's legitimate claims without an ounce of compensation – is at odds with the protections for absent class members established by Rule 23(e).

The Supreme Court has repeatedly emphasized the importance of Rule 23's protections. For example, in *AmChem Products, Inc. v. Windsor*,[57] the Supreme Court noted that "the safeguards provided by the Rule 23(a) and (b) class-qualifying criteria . . . are not impractical impediments – checks shorn of utility – in the settlement-class context."[58] In a later case, the Supreme Court focused particularly on the notice and hearing requirements as mechanisms for ensuring absent class members constitutional rights:

> [B]efore an absent class member's right of action [is] extinguishable due process require[s] that the member receive notice plus an opportunity to be heard and participate in the litigation[.] [A]t a minimum an absent plaintiff must be provided with an opportunity to remove himself from the class."[59]

Just as important is Rule 23(e)'s judicial review requirement, which the Ninth Circuit recently had opportunity to consider in the context of a settlement negotiated prior to class certification in *In re Bluetooth Headsets Products Liability Litigation*.[60] The Ninth Circuit noted that

> [p]rior to formal class certification, there is an even greater potential for a breach of fiduciary duty

---

[57] 521 U.S. 591 (1997).
[58] *Id.* at 621.
[59] *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848 (1999) (internal quotations and citation omitted).
[60] 654 F.3d 935 (9th Cir. 2011).

owed the class during settlement. Accordingly, such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair.[61]

In summary, allowing parties to use Rule 68 offers to short-circuit Rule 23's protections will achieve precisely what Congress sought to prevent: the impairment of class members' rights without any judicial review, without receiving notice, and without an opportunity to be heard. Here, CACH's and SquareTwo's offer of judgment was never submitted to the court for approval. The parties have not conducted the extensive discovery required for the court to determine whether a settlement is fair or unfair. And members of the class were not given notice and an opportunity to either opt-out of the class or to object to the settlement. The court should not hold that the class is bound by the offer of judgment or that the unaccepted offer rendered their claims moot. Doing so would shred Rule 23's protections for absent class members.

### 3. CACH and SquareTwo's offer of judgment was null because it is impossible for judgment to be entered in favor of a class before the class has been certified.

The Federal Rules of Civil Procedure provide that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."[62] "Rule 23(c) imposes an independent duty on the district court to

---

[61] *Id.* at 946.
[62] Fed.R.Civ.P. 23(c)(1)(A).

determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions."[63] "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable."[64] Thus, "[r]elief cannot be granted to a class before an order has been entered determining that class treatment is proper."[65]

In the Seventh Circuit case of *Davis v. Hutchins*,[66] a consumer filed a class-action complaint against an attorney that alleged violations of the FDCPA.[67] The defendant defaulted by committing a series of procedural snafus before the class had been certified.[68] The district court entered a default judgment in the amount of $2,000 for the named plaintiff and in the amount of $500,000 for the class.[69] The Seventh Circuit affirmed the entry of the default judgment but vacated the damages award in favor of the class because the class had not been certified.[70] The Seventh Circuit explained that "[a]llowing certification by default or because the defendant has admitted that the class exists, with no independent analysis or determination by the district judge, would remove this important protection."[71] In so holding, the court relied on an earlier case in which the Third Circuit held that until a

---

[63] *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003).
[64] General Telephone Co. of Southwest, 457 U.S. 147, 160 (1982).
[65] *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974).
[66] 321 F.3d 641 (7th Cir. 2003).
[67] *See Id.* at 642.
[68] *See Id.* at 643-45.
[69] *See Id.* at 645.
[70] *See Id.* at 649.
[71] *Id.* at 649.

class is certified, a court may not enter an order granting the class

declaratory or injunctive relief.[72]

Here, the class had yet to be certified at the time that the offer was

made. No party had moved for class certification before the offer, and given

that a Rule 68 offer is deemed withdrawn if not accepted within 14 days of

service, there was no opportunity for the court to certify the class before the

offer's expiration. Simply put, CACH's and SquareTwo's pre-certification offer

was incompatible with Rule 23's procedural requirements. Because judgment

cannot be entered in favor of an uncertified class, the court should not find

that the class's claims were mooted by the defendants' offer.

> **4. An offer of judgment that offers relief only with regard to a representative plaintiff's claims does not moot an FDCPA class action.**

On its face, CACH's and SquareTwo's offer of judgment purported to be

an offer both to Morris and to the class. Because, as explained above, the offer

had no effect as to the class, the only remaining issue is whether an offer of

judgment that would have fully satisfied Morris's individual claims rendered

the class action moot. Under established Ninth Circuit law, it did not.

In *Pitts v. Terrible Herbst, Inc.*,[73] plaintiff Pitts brought a FLSA

collective action, as well as a Rule 23 class action based on state labor laws

---

[72] *See Romney*, 490 F.2d at 1366.
[73] 653 F.3d 1081 (9th Cir. 2011).

and common law breach of contract.[74] He later dropped the FLSA claims.[75]

Pitts served on Terrible Herbst a request for production of documents

relating to class certification issues, but Terrible Herbst refused to comply

with the request.[76] This prompted Pitts to file a motion to compel

production.[77] After the motion had been argued but before it had been

decided – and before the deadline for completion of discovery had passed –

Terrible Herbst served on Pitts an offer of judgment that would have fully

satisfied Pitts's individual claims.[78] Terrible Herbst then moved for dismissal

under Rule 12(b)(1), arguing that the offer of judgment had rendered the

class action moot.[79] The district court granted the motion to dismiss.[80] The

Ninth Circuit reversed, reasoning that, if the class were eventually certified,

the certification would relate back to the filing of Pitts's complaint.[81] The

Ninth Circuit noted that a different result "would effectively ensure that

claims that are too economically insignificant to be brought on their own

would never have their day in court."[82]

Several district courts in this circuit have recognized that *Pitts*

remains good law even after the Supreme Court's *Genesis Healthcare*

---

[74] *See Id.* at 1084.
[75] *See Id.* at 1085, 1093-94.
[76] *See Id.* at 1085.
[77] *See Id.*
[78] *See Id.*
[79] *See Id.*
[80] *See Id.*
[81] *See Id.* at 1096.
[82] *Id.* at 1091.

decision.[83] Each district court that has addressed this issue post-*Genesis Healthcare* has made two observations. First,

> the [Supreme] Court did not actually reach the issue of the [sic] whether the settlement offer of judgment under Federal Rule of Civil Procedure 68, mooted the individual claim. It assumed this to be the case, based on the argument having been waived in the courts below . . . .[84]

Second, *Genesis Healthcare* was a FLSA collective action – not a Rule 23 class action, as in *Pitts*.

> [T]here is nothing to indicate that the specific holding extends beyond FLSA collective actions. In fact, the [Supreme] Court explicitly distinguished class certification case law . . . .[85]

Here, as explained above, the class could not accept CACH's and SquareTwo's Rule 68 offer and the clerk of the court could not have entered judgment upon the offer. Defendants' offer was, in effect, an offer of judgment relating only to Morris's individual claims – just as in *Pitts*, *Ramierez*, *Craftwood II*, *Chen*, and *Canada*. Under considerable Ninth Circuit precedent, the offer did not render the claims of either Morris or the class moot. This court retains subject matter jurisdiction.

---

[83] *See Ramierez v. TransUnion, LLC*, No. 3:13-CV-00632, 2013 WL 3752591 JSC (N.D. Cal. July 17, 2013); *Craftwood II, Inc. v. Tomy Intern., Inc.*, No. SA CV 12-1710 DOC, 2013 WL 3756485 (C.D. Cal. July 15, 2013); *Chen v. Allstate Ins. Co.*, No C 13-0685 PJH, 2013 WL 2558012 (N.D. Cal. June 10, 2013); *Canada v. Meracord, LLC*, No. C12-5657 BHS, 2013 WL 2450631 (W.D. Wash. June 6, 2013).
[84] *Craftwood II*, 2013 WL 3756485, at *3.
[85] *Canada*, 2013 WL 2450631, at *1.

## Conclusion

In order for CACH and SquareTwo to succeed on this motion to dismiss, two things must be true. First, their offer of judgment must, in fact, have offered Morris and the class complete relief. And second, their understanding of the law of mootness in the context of class actions must be correct. But CACH and SquareTwo are wrong on both counts. The Court should deny their motion to dismiss and allow this case, which raises important consumer protection claims under both federal and state law, to proceed.

Dated:        August 22, 2013

/s/ Brian L. Bromberg
Brian L. Bromberg

25

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that, on the 22nd day of August, 2013, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **Plaintiff's Memorandum in Opposition to Motion to Dismiss**, postage prepaid and addressed to the following:

Abran E. Vigil
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Email: vigila@ballardspahr.com
*Attorneys for Defendant SquareTwo*
*Financial Commercial Funding Corporation*

J. Christopher Jorgensen, Esq.
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Email: cjorgensen@lrlaw.com
*Attorneys for Defendant CACH, LLC*

/s/ Brian L. Bromberg
Brian L. Bromberg
One of Plaintiff's Attorneys