UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RODNEY MORRIS, on behalf of himself and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CACH, LLC, a Colorado limited liability company, SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION, a Delaware corporation, DOES I-V inclusive and ROE corporations VII-X inclusive,<br><br>Defendants. | Case No. 2:13-cv-00270-APG-GWF<br><br>**ORDER**<br><br>(Plfs' Motion for Amend – dkt. no. 21<br>Def.'s Motion to Dismiss – dkt. no. 22) |

I. **SUMMARY**

Before the Court is Plaintiff Rodney Morris' Motion for Leave to Amend Complaint. (Dkt. no. 21). Also, before the Court is Defendant CACH, LLC's ("CACH") Motion to Dismiss. The Court has considered the respective oppositions and replies. For the reasons discussed below, Plaintiff's Motion to Amend is granted and Defendant's Motion to Dismiss is denied.

II. **BACKGROUND**

This case arises from alleged unfair debt collection practices. In February 2013, Plaintiff filed the instant class action Complaint against Defendants CACH and SquareTwo Financial Commercial Funding Corporation ("SquareTwo Funding") alleging five causes of action: (1) violations of Nevada's Deceptive Trade Practices Act ("NDTPA"); (2) violations of the federal Fair Debt Collections Practices Act ("FDCPA"); (3) Actual Fraudulent Transfer between CACH

and SquareTwo Funding; (4) Constructive Fraudulent Transfer between CACH and SquareTwo Funding; and (5) Alter Ego Single-Enterprise Doctrine. The Complaint alleges the following facts:

In February 2012, Plaintiff received a collection letter from a debt collection law firm (Defendants' agent) demanding payment of a $13,609.93 consumer debt allegedly owed by the Plaintiff. The letter was an initial communication under the FDCPA and NDTPA. The letter did not itemize what figures made up the amount allegedly owed as required by both the FDCPA and NDTPA. Rather, the amount set forth in the letter combined both the principal amount plus interest charges added by Defendant CACH. Plaintiff determined the FDCPA and NDTPA violations when, in May 2012, Defendant CACH filed a complaint ("CACH Complaint") against Plaintiff in the Eighth Judicial District Court in Nevada for the alleged consumer debt. The CACH Complaint alleged the principal debt amount was $10,822.02 and the accrued interest was $3,196.90. For the purposes of avoiding liability under the FDCPA and NDTPA, CACH fraudulently transferred its assets to its parent corporation, SquareTwo Funding.[1]

On May 15, 2013, Defendants served Plaintiff with a Federal Rule of Civil Procedure 68 offer of judgment, which purported to give complete relief to the Plaintiff on both his individual and the class' claims. Plaintiff failed to accept the offer, which expired on May 30, 2013. On June 20, 3013, Plaintiff moved to amend the Complaint to substitute SquareTwo Financial Corporation for SquareTwo Funding, to add supporting factual allegations, and to remove fraudulent transfer allegations. Defendant SquareTwo Funding opposed the motion. On July 1, 2013, Defendants moved to dismiss the Complaint arguing the Rule 68 offer of judgment afforded complete relief, made the claims moot, and divested this Court of jurisdiction. Plaintiff opposed the motion.

\\

\\

---

[1] SquareTwo Funding and CACH are, in fact, sister corporations. SquareTwo Financial Corporation ("SquareTwo Financial") is the parent of both SquareTwo Funding and CACH.

## III. DISCUSSION

### A. Motion to Dismiss

Defendant CACH argues its offer of judgment, which was rejected by the Plaintiff, afforded complete relief and rendered this action moot, thereby depriving this Court of jurisdiction. Plaintiff argues that a rejected offer of judgment never moots a case, and alternatively, any offer of judgment did not afford complete relief to the proposed Class. At the time of briefing, the parties did not have the benefit of a recent Ninth Circuit opinion regarding the effect of rejected offers of judgment. *See Diaz v. First Am. Home Buyers Protection Corp.*, No. 11-57239, 2013 WL 5495702 (9th Cir. Oct. 4, 2013). *Diaz* expressly holds "that an unaccepted Rule 68 offer that would have satisfied a plaintiff's claim does not render that claim moot." *Id.* at *14. Here, as in *Diaz*, Plaintiff did not accept the offer and the claim is not moot even if the offer of judgment would have completely satisfied Plaintiff's claims. Accordingly, Defendant CACH's argument fails as a matter of law, and this Court has jurisdiction over the claims.

### B. Motion to Amend

Plaintiff seeks to amend his complaint to substitute SquareTwo Financial for defendant SquareTwo Funding because Plaintiff mistakenly named the subsidiary as the corporate parent. Plaintiff also seeks to add additional supporting factual allegations, remove claims three and four, and make typographical and grammatical corrections. Defendant CACH argues amendment is futile because Plaintiff's proposed amended complaint fails to state a claim and is barred by the statute of limitations.

#### 1. Legal Standard

Courts may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Farina v.*

*Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)). The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. *Id.* Under this standard, a district court may not deny a motion to amend for futility "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.*; *see also Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding that a district court may properly deny leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Although "'it may appear on the face of the pleadings that a recovery is very remote and unlikely[,] ... that is not the test.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.*

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court after responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). An amendment that changes the party or the naming of the party against whom a claim is asserted relates back to the date of the original pleading if the amendment arises out of the same transaction or occurrence set out in the original pleading. Fed. R. Civ. P. 15(c). Additionally, the party to be brought in by amendment must have "received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.*

### 2. Analysis

Defendant SquareTwo Funding's arguments in opposition to the amendment are two-fold. First, SquareTwo Funding argues that the "FDCPA was not designed to be a vehicle for the piercing of the corporate veil," citing Seventh Circuit authority *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000). However, this case is unlike *White* where the complaint did not contain any allegations attempting to pierce the corporate veil. Unlike *White*, here Plaintiff has adequately alleged alter-ego and seeks to pierce the corporate veil. Moreover, "[g]eneral principles of agency . . . form the basis of vicarious liability under the FDCPA." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th. Cir. 2006). Plaintiff has adequately alleged a principal/agent relationship to impute liability under the FDCPA to SquareTwo Financial. Therefore, SquareTwo Funding's arguments are unavailing.

Second, SquareTwo Funding argues any FDCPA claim against SquareTwo Financial is time-barred by a one-year statute of limitations because the claims would not relate back under Rule 15. SquareTwo Funding recognizes that the "relation back" doctrine is applicable to misnomers, but argues Plaintiff's complaint against SquareTwo Funding was intentional rather than a naming mistake. SquareTwo Funding's argument fails based on the plain language of the original complaint which, mistakenly, refers to SquareTwo Funding as the corporate parent of CACH. It is clear from the original complaint that Plaintiff intended to sue the corporate parent of CACH, which is SquareTwo Financial rather than SquareTwo Funding.

Moreover, Plaintiff meets the requirements of Rule 15 for substitution. First, the amendment seeks to substitute a party, the names of which are vastly similar. Second, the amendment arises out of the same transaction, occurrence, and conduct set out in the original pleading. Third, as the parent corporation of SquareTwo Funding, SquareTwo Financial had sufficient notice of the action. Not only do both parent and subsidiary share leadership, they also have the same corporate address. Fourth, this misnaming of SquareTwo Funding for SquareTwo Financial is the result of a mistake. It is clear from the original complaint that Plaintiff intended to sue the corporate parent but for the misnaming. As the requirements of Rule 15 are met, the

claims relate back and are not time-barred. Therefore, because amendment would not be futile and considering the policy favoring deciding cases on their merits, the Court grants Plaintiff leave to amend the Complaint.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Complaint is **GRANTED**. Pursuant to Local Rule 15-1(b), Plaintiff shall file and serve the First Amended Complaint.

IT IS FURTHER ORDERED that Defendant CACH, LLC's Motion to Dismiss is **DENIED**.

DATED THIS 22nd day of October 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE