CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
Email: attcbf@cox.net
and
BRIAN L. BROMBERG, ESQ. (*Pro Hac Vice* Pending)
NY Bar No. 2441947
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: 212-248-7906; Fax: 212-248-7908
Email: brian@bromberglawoffice.com

*Attorneys for Plaintiffs*

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY MORRIS, on behalf of himself and all similarly situated persons,<br><br>        Plaintiffs,<br><br>vs.<br><br>CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL CORPORATION, a Delaware Corporation, DOES I-V inclusive and ROE Corporations VII-X, inclusive,<br><br>        Defendants. | CASE NO.: 2:13-cv-270-APG-GWF<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**EIGHT PERSON JURY DEMANDED** |

Plaintiff, RODNEY MORRIS (hereinafter referred to as "Plaintiff" or "Morris"), by and through his undersigned counsel, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this complaint against the above-named Defendants and in support thereof, alleges the following:

### PRELIMINARY STATEMENT

1.  This is a claim for actual, statutory and exemplary damages brought by the named Plaintiff, on his own behalf and on behalf of all others similarly situated, challenging the acts of CACH, LLC (hereinafter "CACH") and SQUARETWO

*Law Offices of*

**CRAIG B. FRIEDBERG, ESQ.**

4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

FINANCIAL CORPORATION (hereinafter "SquareTwo") to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq.*, and Nevada Revised Statutes (hereinafter "NRS"), Chapters 649 *et seq.* and 598 *et seq.*, as amended, all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

2. Defendants' violations were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

4. Venue in this district is proper because Plaintiff(s) reside in Nevada. Venue is also proper in this district since the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

5. Morris is a natural person who resides in Nevada.

6. Morris is a "consumer" as defined in the Act at 15 U.S.C.§1692a(3).

7. Morris allegedly owes a (past-due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) and NRS 649.010.

8. On information and belief, Plaintiff alleges that CACH is a Colorado limited liability company, or LLC, doing business in the state of Nevada and, in particular, Clark County, the principal purpose of whose business is the collection of debts.

9. On information and belief, Plaintiff alleges that Defendant SquareTwo, formerly known as Collect America, Ltd., is a Delaware Corporation, with its principle place of business in Denver, Colorado, and is doing business in the state of Nevada.

10. SquareTwo states on its web site (http://www.squaretwofinancial.com/)

- 2 -

that "Square Two Financial is dedicated to making distressed assets whole. We focus on accelerating financial asset recovery through industry-leading security and compliance practices, award-winning technology and our pioneering Partner Network, which works with consumers to remedy their outstanding debt."

11.   SquareTwo states in its March 1, 2013 publicly filed annual report (Form 10-K) to the U.S. Securities and Exchange Commission for the fiscal year ending December 31, 2012, that it "is a leading purchaser of charged-off consumer and commercial receivables in the accounts receivable management industry." SquareTwo also explains in its Form 10-K that "[o]ur primary business is the acquisition, management and collection of charged-off consumer and commercial accounts receivable that we purchase from financial institutions, finance and leasing companies, and other issuers in the U.S. and Canada. Charged-off accounts receivable, which we refer to as 'charged-off receivables' or 'accounts,' are defaulted accounts receivable that credit issuers have charged off as bad debt, but that remain subject to collection." It goes on to state that "[t]he success of our business depends heavily on our ability to find charged-off receivables for purchase, evaluate these assets accurately and acquire them at the appropriate pricing." And "[o]ur business depends on the ability to collect on our purchased charged-off receivables." SquareTwo also states in its 10-K that "[f]rom 1999 to December 31, 2012, we have grown our business from $8.7 million to $608.0 million of annual cash proceeds on owned charged-off receivables, representing a compound annual growth rate of approximately 35%."

12.   SquareTwo also states in its March 1, 2013 10-K that "We operate our domestic charged-off receivables management business through a series of subsidiary entities, including CACH, LLC, . . . . These entities purchase charged off consumer receivables and place them with the United Network for collection."

13.   CACH is a wholly owned subsidiary of Defendant SquareTwo.

14.   On information and belief, Plaintiff alleges that CACH has no employees, and had not had any employees for years.

- 3 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

15.     All acts performed on behalf of CACH are performed by employees or agents of SquareTwo.

16.     In particular, SquareTwo is responsible for hiring and directing collection lawyers such as Stephen R. Kopolow, P.C. to pursue collection of charged-off receivables, including litigation, in the name of CACH.

17.     SquareTwo's March 1, 2013 Form 10-K confirms that SquareTwo supervises the attorneys collecting on behalf of CACH.  "In the U.S. we utilize our Partners Network, which has nationwide coverage. Individual law firms within our Partners Network will be referred to as a 'franchise' or a 'Partner' herein. ... Once an account is designated for suit, we typically place it with our Partners Network. In addition, we have assembled a select network of third party collection law firms within the United Network to provide us with legal collections capabilities in jurisdictions not covered by our Partners Network or where the Partners Network capacity is insufficient to meet our needs. Similar to nonlegal collections, we pay our franchises and third party collection law firms for their collection efforts based on their performance subject to compliance with our numerous operating and regulatory standards. In addition to these collection fees, we typically pay court costs and related fees on accounts placed for legal collection. ... Our franchises typically work exclusively for SquareTwo and our agreements do not obligate us to place debt with any franchise, but, at the same time, prohibit the franchises from providing collection services to a third party without our prior approval. This exclusivity, combined with our performance-driven model, motivates each Partner to deliver results, which we believe increases collection rates compared to the traditional large-scale collection agency platform."

18.     The managers of CACH are, according to filings with various secretaries of state, Paul Larkins and P. Scott Lowery.

19.     Scott Lowery is also the founder and Chairman of the Board of SquareTwo. Paul A. Larkins is its President and Chief Executive Officer.

20.     SquareTwo makes all decisions relating to the acquisition of debt

- 4 -

1    portfolios.

2       21.    SquareTwo is responsible for raising capital for the acquisition of debt

3    portfolios.

4       22.    SquareTwo acquires debts with a face value of more than $3 billion per

5    year.

6       23.    On information and belief, Plaintiff alleges that SquareTwo and CACH are

7    subsidiaries, parent companies, or related entities and possess such a unity of interest

8    that it would be unjust to prevent Plaintiff's recovery against SquareTwo for CACH's

9    unlawful actions detailed herein.

10      24.    CACH and SquareTwo use instrumentalities of interstate commerce or the

11   mails in a business the principal purpose of which is the collection of debts, or who

12   regularly collects or attempts to collect, directly or indirectly, debts owed or due or

13   asserted to be owed or due another and is therefore a debt collector as that phrase is

14   defined by 15 U.S.C. § 1692a(6).

15      25.    Plaintiff is unaware of the true names and legal capacities, whether

16   individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE

17   Corporations VII-X,  inclusive, sued herein, and therefore sues Defendants by such

18   fictitious names.

19      26.    Plaintiff is informed and believes, and thereon alleges, that each of the

20   Defendants designated herein as DOES I-V and ROE Corporations VII-X, are in some

21   way legally responsible and liable for the events referred to herein, and proximately

22   caused the damages alleged herein.

23      27.    Plaintiff prays leave to insert said Defendants' true names and legal

24   capacities when ascertained.

25      28.    At all times material hereto, and in doing the acts and omissions alleged

26   herein, the Defendants and each of them, including DOES I-V and ROE Corporations

27   VII-X, acted individually and/or through their officers, agents, employees, and co-

28   conspirators, including the fictitious Defendants named herein, each of whom was

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1   acting within the purpose and scope of that agency, employment and conspiracy, and

2   said acts and omissions were known to, and authorized and ratified by, each of the other

3   Defendants.

4          29.     On information and belief, Plaintiff alleges that at all times mentioned

5   herein each of the Defendants sued herein was the parent, owner, partner, shareholder,

6   manager, officer, director, agent, servant, and employee of his, her or its co-Defendants

7   and in doing the things hereinafter mentioned was acting in the scope of his, her or its

8   authority as such parent, owner, partner, shareholder, manager, officer, director, agent,

9   servant and employee, and with the permission, consent and/or ratification of his, her

10   or its Defendants; and that each of said fictitiously named defendants, whether an

11   individual, corporation, association or otherwise, is in some way liable or responsible to

12   the Plaintiff on the facts hereinafter alleged, and caused injuries and damages

13   proximately thereby as hereinafter alleged.

14          30.     All conduct of SquareTwo and CACH, and/or Doe, and/or Roe

15   Corporation Defendants as alleged herein, was on each other's behalf, within the course

16   and scope of agency each for the other; each was an alter ego for the other and/or was in

17   a partnership or joint venture with the other, and all conduct of each was within the

18   course and scope of that agency, alter ego, partnership and/or joint venture, and as

19   such, the corporate fiction should be disregarded.

20                              **STATEMENT OF FACTS**

21          31.     Morris repeats, realleges and incorporates by reference paragraphs one

22   through thirty, inclusive, above.

23          32.     Morris is alleged to have incurred certain financial obligations, which were

24   primarily for personal, family or household purposes and are therefore a "debt" as that

25   term is defined by 15 U.S.C. §1692a(5) and NRS 649.010.

26          33.     In connection with collection of an alleged account in default, Defendants

27   directed their agent, Stephen R. Kopolow, P.C., a debt collection law firm, to mail a

28   collection letter to Morris, dated February 19 , 2012 (the "letter").  A copy of said letter is

annexed hereto as Exhibit A.

34.     On information and belief, Plaintiff alleges that Exhibit A is the initial written communication from Defendants' debt collector agent, Stephen R. Kopolow, P.C.

35.     On information and belief, Plaintiff alleges he received the letter on or after February 20, 2012.  Upon receipt of the letter, Plaintiff opened and read it.

36.     The letter demanded payment of a consumer debt allegedly owed by Plaintiff in the amount of $13,609.93. The letter only provided the single figure for the amount allegedly owed; it did not itemize what items made up the single figure of the amount allegedly owed.

37.     On information and belief, Plaintiff alleges that the amount set forth in the letter is more than the principal amount allegedly owed to the original creditor, and includes unspecified sums added by Defendants for interest charges which it added to the principal balance after it acquired the alleged past due account ("post-assignment charges").

38.     Plaintiff did not know, and could not have known about Defendants' post-assignment charges until the following occurred:

        a.     On May 4, 2012, Defendants (through its agent, Stephen R. Kopolow, P.C., a debt collection law firm) filed a Complaint in the Eighth Judicial District Court for the County of Clark against Plaintiff, naming CACH as Plaintiff, designated case no. A-12-661403-C (hereinafter referred to as the "state court action"). The state court action was based upon the same alleged debt for which Defendants were dunning Morris in Exhibit A.  The Complaint in the state court action is annexed hereto as Exhibit B.

        b.     Defendants state in the state court action complaint at paragraph 10 that "[t]he total account balance purchased by Plaintiff was $10,822.02.

        c.     Defendans state in the state court action complaint at paragraph 12 that "[i]nterest in the amount of $3,196.90 has accrued since the Plaintiff purchased the obligation."

- 7 -

Law Offices of
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

     d.    Defendants ask in the prayer for relief in the state court action complaint "for judgment in the current amount due of $10,822.02 ..." and "for judgment on the interest that has accrued since the Plaintiff purchased the obligation in the amount of $3,196.90 ..." *See* Exhibit B, 4:15-19.

39.    NRS 649.375(2) prohibits a debt collector from collecting or attempting to collect any amount other than the principal amount owed to the original creditor (or which the original creditor was authorized to add to the principal amount by law or contract between it and the consumer), *unless, in the debt collector's first written communication with the alleged debtor, it itemizes the incidental charges that have been added to the principal amount allegedly owed to the original creditor.*

40.    On March 18, 2013, a notice of entry of order dismissing the state court action with prejudice was entered in the docket for the state court action.  Defendants voluntarily dismissed the state court action with prejudice without Morris making any payments to Defendants. The notice of entry of order of dismissal of the state court action is annexed hereto as Exhibit C.

**FIRST CAUSE OF ACTION**

**(Violation of State Deceptive Trade Practices Act Against Defendants**)

41.    Plaintiff repeats, realleges and incorporates by reference, paragraphs one through forty, inclusive, above.

42.    This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with Nevada addresses who (Class One):

    (a) within four years prior to the filing of this action;

    (b) were sent a collection letter authorized by SquareTwo, CACH, or any of their agents;

    (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and

    (d) the letter was not returned by the postal service as undelivered;

- 8 -

43.     Under both Federal Rule of Civil Procedure (FRCP) 23 and Nevada Rules of Civil Procedure (NRCP) 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

(b)     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letter sent by Defendants, violated various provisions of NRS Chapters 649 *et seq.* and 598 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect a consumer debt.

(c)     The only individual issue is the identification of the Nevada consumers who (i) received the letter or (ii) were sued by Defendants and did not receive the subject letter (i.e. the class members), a matter capable of ministerial determination from Defendants' records.

(d)     Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

(e)     Plaintiff will fairly and adequately represent the class members' interests and he has retained counsel experienced in bringing class actions and collection abuse claims.

44.     A class action is superior for the fair and efficient adjudication of the class members' claims.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

45.      If the facts are discovered to be appropriate, Plaintiff will seek to certify

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1  this class under NRCP and/or FRCP 23(b)(3).

2     46.    NRS 598 (deceptive trade practices) and 649 (collection agency practices),

3  in tandem, allow a state claim for deceptive trade practices where the collection agency

4  engages in harassing tactics, which has been defined in NAC 649.150 as "a violation by

5  any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to

6  1692j, inclusive" (i.e., the FDCPA).[1]

7     47.    In addition, Defendants' acts and omissions violated NRS 649.370

8  (Violation of federal Fair Debt Collection Practices Act), NRS 649.375(1), (2) and (5)

9  (Prohibited practices), and NRS 649.375(2).

10    48.    Defendants acted in bad faith and unfairly with the intent to deprive

11 Plaintiff(s) of their rights or property.  Furthermore, Defendants knew of the probable

12 harmful consequences of their wrongful acts and engaged in a willful and deliberate

13 failure to act to avoid those consequences.

Law Offices of
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

[1]N.R.S. 41.600  allows for an action by victims of fraud. It states in pertinent part:
   1. An action may be brought by any person who is a victim of consumer fraud.
   2. As used in this section, "consumer fraud" means:
                    * * *
   (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
NRS 598.0923(3)&(4) defines deceptive trade practices as conducting a business in which it (3)"[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services" or (4) by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction." Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state."
NRS 649.375(5) pertains to prohibited acts of collection agencies.  It states, in pertinent part, that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by regulations adopted by the commissioner."
The regulations can be found in NAC 649.150, which states that:
   The commissioner of financial institutions will consider *a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent* and grounds for the suspension or revocation of the license of the collection agency or collection agent. [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79]—(NAC A by Admstr. of Financial Institutions, eff. 6-29-84; A by Comm'r of Financial Institutions, 5-19-88) (Emphasis added.)
Thus, a judgment finding Defendants violated NRS 649.375, would also establish that it engaged in a deceptive trade practice, which is the basis of this claim for relief.

49.     Defendants' violations of Nevada statutes render it liable to Plaintiff and the members of the class, for actual damages, equitable relief, exemplary damages, fees and costs.

## COUNT TWO

**(Violations of Federal Fair Debt Collection Practices Act Against Defendants)**

50.     Plaintiff repeats, realleges and incorporates by reference, paragraphs one through forty-nine, inclusive, above.

51.     This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with Nevada addresses who (Class Two):

(a) within one year prior to the filing of this action;

(b) were sent a collection letter authorized SquareTwo, CACH, or any of their agents;

(c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and

(d) the letter was not returned by the postal service as undelivered.

52.     Under FRCP 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

(b)     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letter sent by Defendants, violated various provisions of NRS Chapters 649 *et seq*. and 598 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect a consumer debt.

(c)     The only individual issue is the identification of the Nevada

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

Law Offices of
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

consumers who (i) received the letter or (ii) were sued by Defendants and did not receive the subject letter (i.e. the class members), a matter capable of ministerial determination from Defendants' records.

(d)     Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

(e)     Plaintiff will fairly and adequately represent the class members' interests and he has retained counsel experienced in bringing class actions and collection abuse claims.

53.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  See 15 U.S.C. 1692k.  The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

54.     If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55.     Under the FDCPA, a debt collector cannot collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. 2008).  The FDCPA also prohibits collection practices that violate state or federal laws.  *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001); *Gaetano v. Payco*, 774 F. Supp. 1404 (D. Conn. 1990).

56.     The subject collection letter and/or state court lawsuit violated numerous provisions of the FDCPA by attempting to collect or collecting post-assignment charges without first breaking out these charges in violation of NRS 649.375(2), and thus, is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

57.     Defendants' violations of 15 U.S.C. §§ 1692e and f render it liable to Plaintiff and the members of the class.

58.     Defendants used false representations and deceptive means to collect a debt allegedly due to another, including, but not limited to, misrepresenting the character, amount or legal status of the alleged debt and threatening to take any action that cannot legally be taken, in violation of 15 U.S.C. § 1692e *et seq.*, rendering it liable to Plaintiff and the members of the class.

59.     Defendants also used unfair or unconscionable means to collect a debt allegedly due to another, including, but not limited to, attempting to collect any amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f *et seq.*, rendering it liable to Plaintiff and the members of the class.

60.     As a result of Defendants' abusive, deceptive and unfair debt collection practices, Defendants are liable to Plaintiff and the members of the class for actual damages, statutory damages, costs and attorney fees.

### COUNT THREE

### (Alter Ego Single-Enterprise Doctrine Against Defendants)

61.     Plaintiff repeats, realleges and incorporates by reference, paragraphs one through sixty, inclusive, above.

62.     On information and belief, Plaintiff alleges that Defendants CACH and SquareTwo are in a similar or functionally reciprocal business of debt collection as defined by the FDCPA.  The nature of this relationship results in CACH being nothing more than an instrument and/or conduit of SquareTwo in the pursuit of the single business venture and/or enterprise of debt collection.

63.     On information and belief, Plaintiff alleges that CACH and SquareTwo share common directors, officers, and employees; and jointly benefit from transactions entered into by one another.

64.     On information and belief, Plaintiff alleges that SquareTwo possesses and

- 13 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1  dominates control over Defendant CACH's finances, policies, and business practices so

2  that SquareTwo and CACH may avoid liability.

3      65.     Defendants established this corporate relationship to avoid liability and to

4  avoid the effect of the FDCPA.

5      66.     As a direct and proximate result of Defendants' corporate structures, CACH

6  avoids all liability under the FDCPA. CACH merely transfers whatever amount is

7  necessary to its parent company in order to meet the objective of zeroing out liability for

8  any NDTPA or FDCPA liability. Disregarding the separate nature of the corporations is

9  necessary to prevent the substantial injustice of CACH continuing a business practice

10  which effectively results in immunity from the FDCPA.

11                    **DEMAND FOR JURY TRIAL**

12      67.     Please take notice that Plaintiff demands trial by jury in this action.

13                    **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff respectfully prays, that this Court grant the following relief

15  in his favor, and on behalf of the class, and that judgment be entered against Defendants

16  for the following:

17      (1)     For statutory damages;

18      (2)     For actual damages;

19      (3)     For exemplary damages;

20      (4)     A determination that the subject form letter violates the FDCPA;

21      (5)     A determination that Defendant SquareTwo is the alter ego of Defendant

22              CACH such that SquareTwo may be held liable for the judgment rendered;

23      (6)     For reasonable attorney fees for all services performed by counsel in

24              connection with the prosecution of this claim;

25      (7)     For reimbursement for all costs and expenses incurred in connection with

26              the prosecution of this claim; and

26  ///

27  ///

28

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

- 14 -

(8)    For any and all other relief this Court may deem appropriate.

DATED this 22nd day of October 2013.

Respectfully submitted by:

/s/ *Craig B. Friedberg*
CRAIG B. FRIEDBERG
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
and
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
*Attorneys for Plaintiff*

# EXHIBIT   A

# EXHIBIT   A

**STEPHEN R. KOPOLOW, P.C.**

*Main Office/Return Mail Service:*
1050 East Flamingo Road, Suite W-146
Las Vegas, NV 89119

ı|ı|ı||ıı|ı||ııı||ıı|ıı||ıı|ı|ıı||ıı|ı||ıı||ıı|ıı|||ıı||            19-Feb-12

E *****AUTO**MIXED AADC 350
34829-19A/120004329519/14106/DM1P      0488
RODNEY MORRIS                                    45248
Redacted
LAS VEGAS, NV 89115-0366                    67

RE:    **Creditor:**                  **CACH, LLC**
       **Account Number:**            Redacted**9519**
       **Original Creditor:**         **WELLS FARGO BANK, N.A.**
       **Original Account Number:**   Redacted       **9254**
       **Current Balance:**           **$13,609.93**

Dear Rodney Morris:

This office is a debt collector and has been retained to collect the debt owed by you to CACH, LLC. This is
a demand for payment of your outstanding obligation.

At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account. However, if you fail
to contact this office our client may choose to request an attorney review of your file. Unless, within thirty days after receipt of this notice,
you dispute the validity of the debt or any portion thereof, this firm will assume the debt to be valid. If, within thirty days of your receipt of
this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or, if the debt is
founded upon a judgment, a copy of such judgment, and we will cease all collection activities until we provide you with verification, and we
will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your
written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are represented in this matter by an attorney, please give us the name, address and phone number of your attorney so that we may
communicate with your attorney rather than you.

Please call our office toll free at 1-866-200-9360, and our fax number is 702-685-7237. Our office is usually open from 8:00 AM until 5:00
PM PST, Monday through Friday.

Thank you for your attention to this matter.

Yours truly,
Stephen R. Kopolow, P.C.

**This communication is from a debt collector. We are attempting to collect a debt, and any information obtained will be used for that
purpose.**

SEE THE REVERSE SIDE FOR REQUIRED STATE COMPLIANCE INFORMATION.

DM1P

0488.14106

*We are required under state and/or federal law(s) to notify consumers of certain rights.*
*This list does not include a complete list of rights consumers may have under state or federal laws or regulations.*

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** For Information about the Colorado Fair Debt Collection Practices Act, see HTTP://WWW.COLORADOATTORNEYGENERAL.GOV/CA A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of time after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office Location: 1050 East Flamingo Road, Suite W-146, Las Vegas, NV 89119. Phone: 866-200-9360 Business hours: 8:00 AM - 5: 00 PM Monday-Friday (PST)

**In Massachusetts:** Office Location: 1050 East Flamingo Road, Suite W-146, Las Vegas, NV 89119. Phone:866-200-9360 Business hours: 8:00 AM - 5: 00 PM Monday-Friday (PST) Massachusetts law requires that we inform you:

## NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**In Texas:** Office Location: 1050 East Flamingo Road, Suite W-146, Las Vegas, NV 89119. Phone: 866-200-9360 Business hours: 8:00 AM - 5: 00 PM Monday-Friday (PST)

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Federal Law or other state laws may also provide you with similar or even greater rights.

## IMPORTANT INFORMATION ABOUT CREDIT REPORTING
Our clients may report information about your account to credit bureaus.

Stephen R. Kopolow, P.C. reserves the right to monitor and/or record telephone calls for training, quality, and compliance purposes including calls originated by, or made to, Stephen R. Kopolow, P.C. Calling into Stephen R. Kopolow, P.C.or accepting a call from Stephen R. Kopolow, P.C. Constitutes permission to record the telephone conversation.

## Payment Instructions For Western Union Quick Collect
For your convenience in paying by Western Union, Please note the following instructions, if applicable:
1. Call Western Union at 1-800-325-6000 to locate the Western Union agent closest to you.
2. Obtain Quick Collect payment form from your Western Union agent. Fill out the Quick Collect payment form completely. Make it payable to Collect America. The code city and state is Anthony, MA and the account number will be your account number found on the front of this letter.
3. Give the agent the completed Quick Collect form, the payment amount, and the transaction fee (presently $12.95) required and payable to Western Union in cash.

You will receive a receipt from the Western Union agent with a ten-digit control number. This number is proof that the money was sent. Please retain that receipt for your records.

# EXHIBIT   B

# EXHIBIT   B



Electronically Filed
/07/2012 01:5 29 PM

CLERK OF THE COURT

**STEPHEN R. KOPOLOW, P.C.**
1 | Stephen R. Kopolow, Esq.
Nevada Bar No. 8533
2 | 1050 East Flamingo Road, Suite W-146
Las Vegas, NV 89119
3 | 866-660-0617
Attorney for Plaintiff
4 | baldovinos@kopolowlaw.com

5

6 | **DISTRICT COURT**

7 | **CLARK COUNTY, NEVADA**

8 | CACH, LLC,                          )
9 |             Plaintiff,             )   Case Number: A - 1 2 - 6 6 1 4 0
   |                                   )   Dept. No.:      V
10 | vs.                               )
11 | RODNEY MORRIS an individual, DOES I )  Date of Hearing: N/A
   | through X, inclusive,             )   Time of Hearing: N/A
12 |                                   )
13 |             Defendant.            )   **NRS CHAPTER 97A DEBT**
   | _____  )

14

15 | **COMPLAINT**

16 | CACH, LLC, assignee of WELLS FARGO BANK, N.A., hereinafter "Plaintiff" complains and

17 | alleges RODNEY MORRIS hereinafter "Defendant" as follows:

18 | 1.   That all times relevant hereby Plaintiff was and is a limited liability corporation organized

19 |      under the laws of Colorado.

20 | 2.   That Defendant, RODNEY MORRIS is a resident of Las Vegas, CLARK County, Nevada.

21 | 3.   That the true names and capacities, whether individual, corporate, associate or otherwise, of

22 |      Defendant named herein as DOES I through X, inclusive are unknown to Plaintiff who,

23 |      therefore, sues said Defendants by such fictitious names and Plaintiff will ask leave to amend

24 |      this Complaint to show their true names and capacities when the same have been ascertained.

25

26

27

28

1

Plaintiff believes that each Defendant(s) may be responsible in some manner for the events herein referred to and caused damages approximately thereby to Plaintiff alleged herein.

4.    Plaintiff is informed and thereupon alleges that at all times relevant hereto, each of the Defendants were the principal, agent, employee, co-conspirator, each of all the others, and at times mentioned herein were acting within the course and scope of such relationships.

5.    WELLS FARGO BANK, N.A. issued a credit card in the Defendant's name under its account number, XXXXXXXXXXXX9254.  The account number was changed finally by the Plaintiff to Redacted 9519.

6.    The Defendant received and used (or authorized the use of) the card and thereby became obligated to pay for the charges incurred with the debt.

7.    On or about 7/26/2009, Defendant defaulted on the obligation to make monthly payments on said credit card account, and the account was subsequently canceled.

8.    The entire balance on the account is presently due and payable in full.

9.    The credit card account was charged off to profit and loss by WELLS FARGO BANK, N.A. on or about 2/28/2010.

10.    The total account balance purchased by Plaintiff was $10,822.02.

11.    Since Plaintiff's purchase of the account, the Defendant has not made any payments.

12.    Interest in the amount of $3,196.90 has accrued since the Plaintiff purchased this obligation.

13.    WELLS FARGO BANK, N.A. sent to the Defendant monthly invoices/bills reflecting, *inter alia,* all charges incurred with the credit card, the monthly payment due, and the total balance due.  To the best of Plaintiff's knowledge and belief, Defendant did not ever dispute the monthly bills or the charges reflected thereon.

**FIRST CAUSE OF ACTION**
**Breach of Contract**

2

14. Paragraphs 1 through 13 are herein incorporated by reference as if fully set forth here.

15. The issuance of a credit card constitutes the offer of a contract. In the absence of such an agreement the issuance of the credit card constitutes the acceptance of the offer of credit. By using and/or authorizing the use of the credit card, the Defendant accepted the contract with WELLS FARGO BANK, N.A. and became bound to pay for all charges incurred with the credit card.

16. Defendant also is subject to all of the terms and conditions of WELLS FARGO BANK, N.A.'s cardholder agreement.

17. The Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused WELLS FARGO BANK, N.A. damages in the amount of the current outstanding balance due on the credit card account.

18. The Defendant is presently indebted to Plaintiff in the amount of $10,822.02 that being the balance through 12/2/2010. Plaintiff is also entitled to recover contractual interest at the rate provided for in WELLS FARGO BANK, N.A.'s contract with the Defendant.

19. Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

20. Despite repeated demands to repay this obligation, the Defendant refused and continues t refuse to repay this obligation.

21. That Plaintiff has been caused to retain the services of an attorney in order to prosecute this action and is entitled to reasonable attorney's fees, therefore, together with costs of suit incurred herein.

///

///

3

## SECOND CAUSE OF ACTION
### Account Stated

22. Paragraphs 1 through 21 are herein incorporated by reference as if fully set forth here.

23. Plaintiff asserts that Defendant's use of the credit card to purchase goods and services represented a periodic account, for which WELLS FARGO BANK, N.A. generated regular monthly statements.

24. Despite providing statements confirming an outstanding balance exists and repeated demands to repay this obligation, the Defendant refused and continues to refuse to repay this obligation.

25. That Plaintiff has been caused to retain the services of an attorney in order to prosecute this action and is entitled to reasonable attorney's fees, therefore, together with costs of suit incurred herein.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, RODNEY MORRIS as follows:

1. For judgment in the current amount due of $10,822.02 together with interest at the maximum lawful rate from the date of judgment, until paid in full;

2. For judgment on the interest that has accrued since the Plaintiff purchased the obligation in the amount of $3,196.90 or as proven at trial;

///

///

///

4

3.    For costs of suit incurred herein;

4.    For reasonable attorney's fees; and

5.    For such other and further relief as this Court may determine to be just and proper in the premises.

**DATED** this 4th day of May, 2012.

STEPHEN R. KOPOLOW, P.C.

Stephen R. Kopolow, Esq.
Nevada Bar No. 8533
1050 East Flamingo Road, Suite W-146
Las Vegas, NV 89119
866-660-0617
Attorney for Plaintiff

# EXHIBIT   C

# EXHIBIT   C

Electronically Filed
03/18/2013 11:33:54 AM

1 | **STEPHEN R. KOPOLOW, P.C.**
Stephen R. Kopolow, Esq.

2 | Nevada Bar No. 8533
8020 W. Sahara Ave, Suite 225

3 | Las Vegas, NV 89117
702-551-8600

4 | Attorney for Plaintiff
jbaldovinos@kopolowlaw.com

5

**CLERK OF THE COURT**

6 | **DISTRICT COURT**

7 | **CLARK COUNTY, NEVADA**

8 | CACH, LLC.,                                )
                                             )
9 |               Plaintiff,                   )     Case Number:  A-12-661403-C
                                             )     Dept. No.:      V
10 | vs.                                       )
                                             )
11 |                                           )
RODNEY MORRIS, an individual, DOES I   )     Date of Hearing: N/A
12 | through X, inclusive,                     )     Time of Hearing: N/A
                                             )
13 |               Defendant.                  )
                                             )

14

15 | **NOTICE OF ENTRY OF ORDER**

16 | TO:      ALL INTERESTED PARTIES

17 |          YOU ARE HEREBY GIVEN NOTICE that the attached Order was filed on March 07,

18 | 2013.

19 |          A copy of said Order is attached hereto as "Exhibit 1."

20

21 |          DATED this 13th day of March, 2013.

22 |                                    STEPHEN R. KOPOLOW, P.C.

23 |                                    _____
                                    Stephen R. Kopolow, Esq.
24 |                                    Nevada Bar No. 8533
                                    8020 W. Sahara Ave, Suite 225
25 |                                    Las Vegas, NV 89117
                                    702-551-8600
26 |                                    Attorney for Plaintiff

27

28

1

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of STEPHEN R. KOPOLOW, P.C. and that on the _13_ day of March, 2013, I did deposit in the United States Post Office, at Las Vegas, Nevada, in a sealed envelope with postage fully prepaid thereon, a copy of the foregoing Notice of Entry of Order addressed to:

Craig B. Friedberg, Esq.
4760 South Pecos Rd, Suite 103
Las Vegas, NV 89121

An employee of
Stephen R. Kopolow, P.C.

2

EXHIBIT "1"

Electronically Filed
03/07/2013 02:38:32 PM

1  **SAO**
   **STEPHEN R. KOPOLOW, P.C.**
2  Stephen R. Kopolow, Esq.
   Nevada Bar Number 8533
3  8020 W. Sahara Ave, Suite 225
   Las Vegas, NV 89117
4  702-551-8600
   Attorney for Plaintiff
5

**CLERK OF THE COURT**

6                    **DISTRICT COURT**

7                **CLARK COUNTY, NEVADA**

8  CACH, LLC.,                        )
                                      )  Case Number:   A-12-661403-C
9              Plaintiff,             )  Dept. Number:   V
                                      )
10      vs.                           )  Date of Hearing: N/A
                                      )  Time of Hearing: N/A
11 RODNEY MORRIS, an individual, DOES )
   I through X, inclusive,            )
12                                    )
              Defendant.              )
13                                    )

14        **STIPULATION FOR DISMISSAL WITH PREJUDICE**

15        IT IS HEREBY STIPULATED by the Plaintiff, CACH, LLC., by and through their

16 attorney, Stephen R. Kopolow, Esq., and the Defendant, RODNEY MORRIS, by and

17 through his attorney, Craig B. Friedberg, Esq., that the above-entitled matter be

18 dismissed with prejudice. Defendant further stipulates that he will not make a request

19 for costs or attorney fees to the above-referenced Court in this action.

20        DATED this 28th day of February 2013.

21 **STEPHEN R. KOPOLOW, P.C.**          **LAW OFFICE OF CRAIG B. FRIEDBERG**

22
   Stephen R. Kopolow, Esq.              Craig B. Friedberg, Esq.
23 Nevada Bar Number 8533                Nevada Bar Number 4606
   8020 W. Sahara Ave, Suite 225        4760 South Pecos Rd, Suite 103
24 Las Vegas, NV 89117                   Las Vegas, NV 89121
   Attorney for Plaintiff                Attorney for Defendant
25
                       **ORDER**
26
        IT IS SO ORDERED.
27

28 DISTRICT COURT JUDGE

   DATED: _March 4, 2013_