CRAIG B. FRIEDBERG
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
*and*
BRIAN L. BROMBERG
(Admitted *pro hac vice*– New York Bar No. 2441947)
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: 212-248-7906; Fax: 212-248-7908

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RODNEY MORRIS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL CORPORATION, <br><br> Defendants. | Case No.: 2:13-cv-270-APG-GWF <br><br> **PLAINTIFF'S ATTORNEY CRAIG FRIEDBERG'S CERTIFICATION IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT** |

Under penalties as provided by 28 U.S.C. § 1746, Craig B. Friedberg declares as follows:

1. I am one of Plaintiff's attorneys and I am making this certification in support of Final Approval of Class Settlement.

2. I am a member in good standing of the bars of the following state courts:

State Bar of Nevada (admitted November 16, 1992)

State Bar of California (admitted December 31, 1986)

3. I am a member in good standing of the following federal courts:

U.S. Court of Appeals for the Ninth Circuit (admitted June 19, 2000)

U.S. District Court for the District of Nevada (admitted April 28, 1993)

U.S. District Court for the Central District of California (admitted June 4, 1987)

///

**Background and Qualifications**

4. I graduated from the University of San Diego School of Law in 1986.

5. While attending law school, I was published in the *California Regulatory Law Reporter* in the following editions:

> Vol. 4, No. 4, Fall 1984
> Vol. 5, No. 1, Winter 1984
> No. 2, Spring 1985
> No. 3, Summer 1985

6. From September 1986 to August 1988, I was employed by Bottum Feliton in Los Angeles, California.

7. From August 1988 to March 1991, I was employed by Lavely & Singer in Los Angeles, California.

8. In 1991, I moved from California to Nevada, passed the Nevada bar exam in 1992, and from June 1993 to May 1999, was employed by Rawlings, Olson, Cannon, Gormley & Desruisseaux in Las Vegas, Nevada.

9. In July 1999, I started my own practice, the Law Offices of Craig B. Friedberg, Esq., concentrating in the field of consumer rights litigation.

10. I have been consulted by, co-counseled on, and/or investigated potential consumer protection litigation with, attorneys in California, Florida, Illinois, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Utah, Virginia, and Washington, primarily in the areas of violations to the federal Consumer Credit Practices Act (including, but not limited to, the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Truth in Lending Act ("TILA"), the Fair Credit Billing Act and the Credit Repair Organization Act, the Telephone Consumer Protection Act, and state consumer protection statutes, including, but not limited to, the Nevada Deceptive Trade Practices Act ("NDTPA"), the UCC, the Foreclosure Mediation Program and NRS 603A, Security of Personal Information.

11. I have been a member of the National Association of Consumer Advocates since 2000.

1  12. I have been a court-appointed arbitrator in the Nevada Mandatory
2  Arbitration Program since September 1996.
3  13. I was appointed as a Las Vegas Justice Court Judge *pro tem* for the Las
4  Vegas Township Justice Court in 2007, overseeing civil and criminal dockets.
5  14. In 2007, I was appointed by the Nevada Supreme Court to act as a
6  Presiding Judge *pro tem* in the Eighth Judicial District Court Short Trial Program,
7  presiding over bench and jury trials.
8  15. I have appeared in more than 75 cases with respect to consumer fraud in
9  both Federal and State courts, five of which resulted in officially published opinions:
10   *Edwards v. 360 [degrees] Communs.*, 189 F.R.D. 433 (D. Nev. 1999)
11   *Floyd v. Security Fin. Corp.*, 181 F.Supp. 2d 1137 (D. Nev. 2001)
12   *Myers v. Bennett Law Offices*, 238 F.Supp. 2d 1196 (D. Nev. 2002)
13   *Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675 (D. Nev. 2008)
14   *Lombino v. Bank of America, N.A.*, 797 F.Supp. 2d 1078 (D. Nev. 2011)
15  16. I have also been involved in consumer fraud class action litigation and
16  have participated in the following filed cases (in addition to this matter):
17   *Ackerman v. Force Protection, Inc.*, Case No. A-11-652214-C (EJDC, Clark
18  County, NV)
19   *Allee v. Persolve, LLC et al.*, Case No. 5:14-cv-1042 (C.D. Cal.)
20   *Eifler v. Arbitronix, Inc. et al.*, Case No. 2:06-cv-289 (D. Nev.)
21   *Metoyer v. Zappos Development Inc., et al.*, Case No. A-12-655516-C (EJDC,
22  Clark County, NV)
23   *Pauco, et al. v. American Family Real Estate, Inc., et al.*, Case No. 2:04-cv-886
24  (D. Nev.)
25   *Santoro v. Aargon Agency, Inc.*, Case No. 2:07-cv-1003 (D. Nev.)
26   *Tepper et al. v. Phantom Entertainment, LLC et al.*, Case No. 2:13-cv-0406 (D.
27  Nev.)
28   *Ukaegbu v. Nevada Assoc. Svcs., Inc. et al.*, Case No. 2:05-1183 (D. Nev.)

17. I have spoken to the public and conducted CLE seminars about consumer-protection issues and lobbied Congress and the Nevada Legislature concerning consumer-protection bills.

18. I have maintained contemporaneous time records reflecting the time spent on this and other matters.

19. My rate in this case, and the prevailing market rate for this type of specialty class action litigation is $450.00 an hour.

20. The total number of hours I spent on this litigation through today is approximately 87 hours, for a total of $39,150.00. This time expended was reasonably related to, and necessary for, culminating this case successfully. My billing records have been personally reviewed by me.

21. My office's disbursements in this case are $529.25, consisting of: Filing fee: $350.00; Service Fees: $79.00; Postage: $6.36; Facsimilies (99): $74.25; Photocopies (104): $26.00. See Exhibit 2.

22. The total amount in fees, costs and disbursements to date for my office is $39,679.25. As reflected in the accompanying Declaration of Brian L Bromberg, the total amount of fees, costs and disbursements to date for his office is $36,830.00. As can be seen, although Mr. Bromberg's time is comparable to the hours I expended on this matter, in order to facilitate a resolution to the case, we agreed to cap our fees and expenses at $45,000.00 (and Defendants have agreed not to challenge said capped request).

22. Under 28 U.S.C. § 1746, I, Craig B. Friedberg, do hereby certify under penalties of perjury, that the above statements are true and correct to the extent they reflect my personal knowledge and otherwise are based upon my information and belief.

Executed this 10th day of March 2015 at Las Vegas, Nevada.

/s/ *Craig Friedberg*
CRAIG B. FRIEDBERG
*Attorney for Plaintiffs*

- 4 -