**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODNEY MORRIS, on behalf of himself and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL CORPORATION, a Delaware Corporation,<br><br>Defendants. | CASE NO.: 2:13-cv-270-APG-GWF<br><br>**FINAL ORDER AND JUDGMENT** |

On March 12, 2015, the above-captioned case came on for a Final Fairness Hearing on the proposed class action settlement.

In July, 2014, after arms-length negotiations Plaintiff and Defendant CACH, LLC entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

On September 18, 2014, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"). The Agreement is an exhibit to Docket Entry 65 in this case.

On December 16, 2014, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order") [67]. Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) two classes of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Litigation; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Rodney Morris as the Class Representative; (iv) appointed Craig

B. Friedberg and Brian L. Bromberg as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On March 12, 2015, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Litigation satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement. The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling parties hereto.

2. **CLASS MEMBERS**. Pursuant to FED. R. CIV. P. 23(b)(3), the Litigation is hereby finally certified as a class action on behalf of the following Settlement Classes

3. "CLASS 1" is defined as: All individual consumers with Nevada addresses whose accounts are owned by CACH, LLC and who:

(a) within four years prior to the filing of this action;
(b) were sent a collection letter on a debt owned by CACH;
(c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and
(d) the letter was not returned by the postal service as undelivered.

"CLASS 2" is defined as: All individual consumers with Nevada addresses whose accounts are owned by CACH, LLC and who:

(a) within one year prior to the filing of this action;
(b) were sent a collection letter on a debt owned by CACH;
(c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and
(d) the letter was not returned by the postal service as undelivered.

Class 2 is a subset of Class 1.

Excluded from these Classes are:

- any person who is already subject to an existing general release;
- any person who is deceased;
- any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the Class 2 period; and
- any Class Member who timely mails a request for exclusion.

Excluded from the Class are:

a.  any person who is already subject to an existing release;

b.  any person who is deceased;

c.  any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after February 28, 2012; and

d.  any Class Member who timely mails a request for exclusion.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT**. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiff Rodney Morris as the Class Representative and Craig B. Friedberg and Brian L. Bromberg as Class Counsel for the Class Members.

5. **NOTICES AND CLAIM FORMS**. Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

6. **FINAL CLASS CERTIFICATION**. The Court finds that the Litigation satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

a.  the Class Members are so numerous that joinder of all of them in the Litigation is impracticable;

b.  there are questions of law and fact common to the Class Members, which predominate over any individual questions;

|   |   |   |
|---|---|---|
| 1 | c. | the claims of the Plaintiff are typical of the claims of the Class Members; |
| 2 | d. | the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and |
| 4 | e. | Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. |

7. The Court finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and the limited amount of any potential total recovery for the Class after a contested trial.

8. **SETTLEMENT TERMS.** The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof.

9. Out of the Settlement Fund Defendant shall pay to Plaintiff the total sum of $3,000.00 in consideration of his individual claim and his service to the class.

10. The remainder of the Settlement Fund shall be distributed equally among the remaining class members who have not opted out of the Settlement Classes.

11. Defendant shall pay Class Counsel a total of $ 45,000.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

12. **OBJECTIONS AND EXCLUSIONS**. The Class Members were given a fair and reasonable opportunity to object to or opt-out from the settlement. No Class

Member objected to the settlement. No Class Members made valid and timely requests for exclusion.

13. This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

14. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT**. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

15. Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

16. This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

17. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

18. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Litigation and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.

Dated: __March 25_____, 2015.

_____
HON. ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE